## Case No. 16,485.

### UNITED STATES v. THOMPSON.

[4 Cranch, C. C. 335.] [1]

Circuit Court, District of Columbia. Oct. Term, 1833.

LARCENY — INDICTMENT FOR SECOND OFFENCE — AVERMENT OF PRIOR CONVICTION.

To charge the prisoner, as for a second offence, an averment. that, on the 2d day of October, 1832, at a circuit court of the District of Columbia, for the county of Alexandria, the prisoner "was tried and convicted of larceny, as by the record of the said court doth appear," without averring that the conviction was by judgment, and reciting the record of conviction, &c., is not a sufficient averment to justify the court in sentencing the prisoner to the penitentiary, upon an indictment for stealing 55 cents.

This was a common indictment for stealing forty-three cents, and one silver coin of the value of twelve and a half cents. At the foot of which was the following addition: "And the jurors aforesaid further find, that, heretofore, to wit, on the second day of October, in the year of our Lord, 1832, at a circuit court of the District of Columbia, for the county of Alexandria, then duly sitting, the said Henry Thompson was tried and convicted of larceny, as by the said record of said court doth appear."

## Case No. 16,486.

### UNITED STATES v. THOMPSON et al.

[1 Gall. 388.] [1]

Circuit Court, D. Massachusetts. May Term, 1813.

BOND FOR CUSTOMS DUTIES — PERFORMANCE OF ALTERNATIVE CONDITIONS—VARIANCE.

1. A bond given for the payment of duties in the alternative required by the act of March 2, 1799, c. 128 [1 Story's Laws, 573; 1 Stat. 627], is discharged by performance of either part of the condition at the election of the obligor, although the sum named in the condition be less than the duties.

[Cited in note to Duerson v. Bellows, 1 Blackf. 218; Hurd v. Kelly, 78 N. Y. 595.]

[See Babcock v. Pettibone, Case No. 700.]

2. No averment is admissible to contradict the terms of a written instrument.

[In error to the district court of the United States for the district of Maine.]

The original action was brought in the district court of Maine, on a custom-house bond given to secure the payment of duties. The bond was in the common form, with a penalty of $7000, upon condition to be void upon the payment of $3500, or the amount of duties, to be ascertained as due and arising on certain goods, imported into the district of Kennebunk, on the 2d of July, 1812. From the pleadings in the case it appeared, that double duties, under the act of July 1, 1812, c. 112 [2 Stat. 768], were payable on the goods, amounting to $6168.35. That the defendants [Nathaniel Thompson and others] on the day, on which the bond became due, paid to the collector of the district the single duties amounting to $3084.18, and tendered to the collector the further sum of $415.82, making together $3500, in discharge of the condition. The tender was refused. The pleadings in the court below terminated in a demurrer, on which judgment was given for the defendants. [Case unreported.]

Mr. Lee, district attorney of Maine, for the United States, contended that the bond, being in the form prescribed by the statute, the defendants could not take advantage of the alternative condition, to avoid the payment of the duties payable by law.

Mr. Dane, for defendants.

The condition being in the disjunctive, the obligors have an election to perform either part, and by such performance are discharged from the penalty. Laughter's Case, 5 Coke, 22; Layton v. Pearce, 1 Doug. 15; Basket v. Basket, 2 Mod. 201; Grenningham v. Ewer,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Cro. Eliz. 396, 539. They have elected the first part of the alternative, viz. the payment of $3500, and have virtually performed it. This is admitted by the pleadings. The plaintiff's replication to the defendant's plea is bad for two reasons. 1. It is double. 2. The main averment contains new matter, and does not stand with the bond. As to duplicity, the first averment of intention in the bond, which is matter of law belonging to the court, is coupled with another averment of fact, viz. of an error in inserting the sum. As to the main averment, it is inadmissible. No averment can be good that varies or contradicts the contract. The same rules of construction and pleading are applicable when the sovereign is obligee, as in any other case. The statute giving the election, the obligor can avail himself of it against the state, as well as against an individual. The statute laying the double duties passed on the 1st of July, the day before the bond was executed. If there was any mistake then in inserting single instead of double duties, it was a mistake of law, not of fact.

Mr. Lee, in reply.

The replication admits only that the $3084.17 were in part payment of $3500. If the replication be double, duplicity can only be taken advantage of on special demurrer. The forfeiture having accrued, the right to elect is lost. The replication states the error to have been by inserting too small a sum, which error the demurrer admits. If the replication and plea be both bad, then, the declaration being good, judgment must be for the plaintiff.

G. Blake and Silas Lee, for the United States.
N. Dane, for defendants.

STORY, Circuit Justice. The principal question, which has been argued at the bar, is, whether the defendants were entitled to the benefit of the alternatives stated, so as to discharge the bond by a compliance with either. The district attorney has contended in the negative, and has argued, that the intention of the bond having been to secure the payment of all the duties due on the goods, it cannot be discharged by the payment of a less sum. As the acts for the collection of duties are public acts, the court are bound to take notice of their provisions. The present bond appears to be taken in the form prescribed by the act of the 2d of March, 1799, c. 128, § 2 [1 Story's Laws, 573; 1 Stat. 627], which expressly requires all bonds for the payment of duties to be with a disjunctive condition, viz. to pay a specific sum, or the amount of duties to be ascertained to be due and arising on the goods imported. It follows, therefore, that no construction of the condition can be admitted, which in the face of the words destroys the legal effect of the alternatives. By the general rule of law, if the condition of an obligation be in the disjunctive, it

may be discharged by the performance of either of the enumerated acts at the election of the obligor, for the condition is for his benefit. Basket v. Basket, 2 Mod. 201; Stanley v. Fearne, 3 Lev. 137; Layton v. Pearce, 1 Doug. 15; Laughter's Case, 5 Coke, 22. An exception to the rule is, where the parties have saved the election to the other party. It cannot be successfully argued, that such an election is in this case reserved to the United States. It is distinctly admitted, that the United States cannot, under any circumstances, be entitled to more than the amount of duties; and this would seem to result from the provisions of the 65th section of the act of 1799. If, therefore, the specific sum had been greater than the amount of the duties, the United States could not have been entitled to elect such sum; and if it be less, it is impossible to contend, that the rule of construction is to change with the increase or diminution of the sum, and not by the terms of the condition. In the nature of the case, therefore, as arising under the laws for the collection of duties, there is nothing to raise an implication in favor of an election in the United States. On the other hand, the words of the condition are expressly in favor of an election by the obligors. "If the obligors, or either of them, their heirs, &c., shall and do, on or before, &c., pay the sum of $3500, or the amount of the duties," &c., are the words of the condition. Plainly, therefore, it is at their option to do either, and if either be done, it is a discharge of the bond. But it is suggested, that the bond is to be considered as a bond with a single condition for the payment of duties. To this we answer, that such a construction is repugnant to the alternative terms of the condition and is therefore utterly inadmissible.

It is averred by the United States in their pleadings, that the bond was executed to the United States, to secure the just and true amount of duties accruing upon the imported goods, and that the sum of $3500 was erroneously inserted in said condition, instead of the true amount of duties, viz., $6168.35. What is the true intent and meaning of a written instrument is not matter of extrinsic averment, but in cases, where there is no latent ambiguity, depends on the instrument itself. And an averment, that the sum stated in the condition is erroneously inserted for another sum, is inadmissible upon the general ground, that it contradicts the language of the condition. Whatever might have been the intentions of the parties, we can only decide upon their acts, and not upon their intentions abstracted from their acts. We construe this instrument precisely as we should, if it were between individuals, and it would be highly dangerous to adopt a different rule. On the whole, we entertain no doubt, that the bond was discharged by the performance of either part of the disjunctive of the condition, and the judgment must be affirmed. The United States are not, how-

ever, without remedy against the defendants for the difference between the sum paid and the duties due. Judgment affirmed.