(1) Vide *Duerson* v. *Bellows; Wilson* v. *Hickson;* and *Osborne* v. *Fulton;* decided at this term; and *Harper* v. *Levy, May* term, 1824; post.

---

## DUERSON and Others *v.* BELLOWS, Administrator.

If an obligation be for the payment of a certain sum, on a certain day, in lawful money *or* good current paper; the obligor may elect to pay in either, before the expiration of the time for payment. But after the day, the right of election is in the obligee; and he may then sue in debt for the lawful money.

A judgment rendered for a certain sum, *in current paper money,* is erroneous.

ERROR to the *Clark* Circuit Court.

BLACKFORD, J.—Debt upon a writing obligatory against *Duerson* and others, for the payment of 500 dollars, lawful money or good current paper, on or before the first of *January,* next ensuing the date of the obligation. Judgment for the plaintiff below by default.

It is contended by the plaintiffs in error, that covenant was the proper action, and that debt will not lie in a case like the present.

This contract being in the disjunctive, the obligors, as the first agents, had an election to discharge the obligation by paying the amount at the day when due, either in lawful money or good current paper, according to their own interest or convenience (1). But when the time fixed on for the payment was past, the privilege of election belonged to the obligee, and he then had the right to choose for which he would bring his action. Co. Litt. 145. In the present suit, the plaintiff below goes for the lawful money mentioned in the obligation, assigning as a breach the non-performance of either part of the contract; he was justified by the law in doing so, and the action of debt was his proper remedy.

The judgment, in this case, is rendered for current paper money, and must be for that reason reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause re‑

Nov. Term, 1822.

manded, with directions to the Circuit Court to render judgment in favour of the plaintiff there, for the debt in the declaration mentioned, with damages and costs, in the ordinary form.

*Thompson* and *Naylor*, for the plaintiffs.

*Howk*, for the defendant.

(1) An action of debt was brought on a custom-house bond, penalty 7,000 dollars, conditioned to pay on or before a certain time, 3,500 dollars, or the amount of duties to be ascertained as due on certain goods imported, &c. The duties on the goods were afterwards found to amount to 6,000 dollars. At the day on which the bond became due, the defendant tendered to the collector the sum of 3,500 dollars, in discharge of the condition, which was refused. *Held*, that the tender was good;—that, by the general rule of law, if the condition of an obligation be in the disjunctive, it may be discharged by the performance of either of the enumerated acts, at the election of the obligor, the condition being for his benefit;—that, in this case, the defendant was entitled to the benefit of the alternatives stated;—and that, by his complying with either, the bond was discharged. *U. States* v. *Thompson*, 1 Gall. 388. S. P. *U. States* v. *Carlton*, Ibid. 400.

The person who is to perform one of two things has the right to elect. Per Ld. *Mansfield*, in *Layton* v. *Pearce*, Doug. 14. If the performance of one of the two parts in the disjunctive, be prevented by the act or fault of the obligee, the bond is discharged. 2 Ev. Poth. 47. And such has been held to be the law, where one of the parts becomes impossible by the act of God; *Laughter's* case, 5 Co. R. 22: sed vide 2 Ev. Poth. 46, 47, where this case in Coke is cited and commented on.