May Term, 1824.

COLDREN v. MILLER.

*Kidder*, for the plaintiff.

*Nelson*, for the defendant.

---

## COLDREN v. MILLER.

In covenant on a sealed note for a certain sum payable in current bank paper, it is not the sum named in the note, but the value of the paper when due, which regulates the amount to be recovered.

The value of bank paper of any description, at any given time or place, is a proper subject for the investigation of a jury.

If a verdict be for more than the case warrants, the party has a right to remit the surplus and thus cure the error: but a mere offer to remit is not sufficient.

*Tuesday, May 11.*

ERROR to the *Clark* Circuit Court.—The obligations upon which this suit was founded, were as follows: one for 800 dollars; one for 1,200 dollars; and one for 700 dollars; payable as stated in the opinion of the Court.

HOLMAN, J.—Covenant on three sealed bills, payable in current bank paper in 1819 and 1821. Special plea of payment —setting forth an agreement of the parties as to the rate of discount that should be allowed, in reducing these bills to the specie standard at the times they severally became due, fixing the rate as to two of them, and agreeing that the other should be regulated by the ordinary discount on current bank paper at the time it became payable—and stating a number of payments at sundry times. The testimony is set forth in a bill of exceptions, proving the agreement as to the discount, and the rate at which bank paper was passing at the times these bills became payable. The defendant proved a payment exceeding the plaintiff's demand when thus reduced by the discount, and had a verdict and judgment for 221 dollars and 61 cents in damages.

The point principally contended is, that the plaintiff was entitled to the whole amount named in these bills. But from the incontrovertible facts, known throughout the community, in the history of our circulating medium, it is beyond dispute

that, in the years 1819 and 1821, the nominal value of what was usually termed current bank paper, was considerably above the real value in the current coin of the *United States.* On these facts the former decisions of this Court, on this subject, have been predicated. And we consider the principle to be correct, that the value of bank paper, of any description, at any given time or place, is a proper subject for the investigation of a jury (1). But the jury in this case have given a verdict for more than was due to the defendant. There are some items pleaded by way of payment or set-off, on which the testimony is indecisive; but taking the utmost amount to which the defendant could be entitled by the testimony, and it falls considerably below the verdict he has received. The record shows that the defendant offered to remit 45 dollars and 50 cents, before the judgment, which the plaintiff refused to accept. This amount is not far from the absolute excess of the verdict, after giving the defendant all he could possibly claim from the evidence. But this offer to remit amounts to nothing. The entering of a remittitur was completely within the power of the defendant. The plaintiff had no control over it (2). As it was not entered, and as it is not conclusive that the verdict would have been entirely correct if the entry had been made, the verdict and judgment cannot stand.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Nelson,* for the plaintiff.

*Thompson* and *Naylor,* for the defendant.

(1) Vide *Harper* v. *Levy,* ante, p. 294, and note.

(2) Vide *Lambert* v. *Blackman,* ante, p. 59, and note 2.