May Term,
1844.

FRETAGEOT
v.
OWEN.

</div>

---

## FRETAGEOT *v.* OWEN and Others.

Declaration in debt for 2,000 dollars on a writing obligatory by which the defendants promised, that, on a specified day, they would pay the plaintiff or order 2,000 dollars, or convey to him a certain tract of land. Breach, that the money had not been paid nor the land conveyed.

Pleas, 1. The defendants were, when the bond became due, and still are, seised in fee of the land, and were then and still are ready to make the conveyance, but they have not been requested to make it. 2. The defendants were, when the bond became due, and still are, seised in fee of the land, and were then and still are ready to execute the deed, and now bring the same into Court. 3. The defendants have offered the plaintiff a good deed for the land. 4. The plaintiff has not prepared and tendered to the defendants, or any of them, a conveyance for them to execute.

*Held*, that the pleas were bad.

ERROR to the *Posey* Circuit Court.

BLACKFORD, J.—This was an action of debt for 2,000 dollars, brought by the plaintiff in error on the following obligation under the hands and seals of the defendants : " On the first day of *August,* 1841, we do jointly and severally promise' to pay unto *Achilles Fretageot* or to his order, the sum of 2,000 dollars for value received, or convey unto him, his heirs, and assigns, in fee-simple, free from all incumbrances whatever, a certain tract of land in *Posey* county, state of *Indiana,* to wit, the south west fractional quarter section twenty-three, in township five south, range fourteen west. *New-Harmony, February* 23d, 1838." The breach assigned in the declaration is, that the defendants have not, nor has either of them, as yet paid the money or conveyed the land.

<div align="right">

Saturday,
July 27.

</div>

May Term,
1844.

FRETAGEOT
v.
OWEN.

There are four pleas in bar. 1. The defendants were, when the bond became due, and still are, seised in fee of the land, and were then and still are ready to make the conveyance, but they have not been requested to make it. 2. The defendants were, when the bond became due, and still are, seised in fee of the land, and were then and still are ready to execute the deed, and now bring the same into Court. 3. The defendants have offered the plaintiff a good deed for the land. 4. The plaintiff has not prepared and tendered to the defendants or any of them, a conveyance for them to execute.

General demurrers to the pleas. The demurrers were overruled, and judgment rendered for the defendants.

The first and second pleas are bad. Supposing the defendants, by the contract, had the first act to do, and had the consequent choice to make the deed or pay the money on the day appointed, (concerning which however we give no opinion,) still, as there is no averment in these pleas that the money had been paid, or a conveyance of the land executed or tendered, they cannot be supported. The third plea, supposing the right to elect to be as already stated, is also insufficient, because it does not show that the tender of the deed was made on the day appointed for making it, and because it does not allege that the deed was brought into Court. The fourth plea, if otherwise unobjectionable, is bad on the ground that the party bound to execute a conveyance should be at the expense of preparing it.

The case of *Duerson et al.* v. *Bellows*, 1 Blackf. 217, shows that if the defendants had the right to elect whether they would, on the day appointed, pay the money or convey the land, but failed to exercise that right, they may be sued for the money.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Pitcher*, for the plaintiff.

*E. D. Edson* and *J. Lockhart*, for the defendants.