*J. Pettit* and *S. A. Huff*, for the defendant.

*Nov. Term, 1846.*

RUSSELL
v.
BRANHAM.

---

RUSSELL and Another *v.* BRANHAM and Another.

The overruling of an objection to evidence cannot be assigned as error, unless the record show the ground of the objection, and that the same had been pointed out to the Court below.

A party bound by a parol contract to pay 1,000 dollars in money, or 1,500 dollars in stock, on the completion of certain work, failed to pay the money or deliver the stock when the time of payment had arrived.  *Held*, that he might be sued in indebitatus assumpsit for the 1,000 dollars.

The charter of the *White Water Valley Canal Company* is a public act, and the Court and jury are bound to notice it without its being proved.

A party is not responsible for a misrepresentation of the legal effect of a contract.

A written agreement cannot be shown by parol evidence to be different from what it purports to be.

ERROR to the *Fayette* Circuit Court.

BLACKFORD, J.—This was an action of indebitatus assumpsit for 1,000 dollars, the price of a certain contract between the plaintiffs and a canal company, sold by the plaintiffs to the defendants.  The contract sold was respecting section No. 66 of the *White Water Canal.*  Plea, non assumpsit. Verdict and judgment for the plaintiffs.

On the trial, the plaintiffs offered in evidence the article of agreement by which the sale of the canal contract was made by them to the defendants.  The evidence was objected to, but was admitted.  By this article of agreement, which was

*Friday,
December 4.*

not under seal, the defendants bound themselves to pay to the plaintiffs, for the canal contract, 1,000 dollars in money, or 1,500 dollars in canal stock, within three months after the completion of the work on the said section of the canal.

The record does not set out the whole of the evidence.

The plaintiffs' counsel, in their argument to the jury, were permitted to read the 4th section of the charter of the *White Water Valley Canal Company*, though it had not been given in evidence.

The defendants asked the Court to instruct the jury, 1. That they should disregard the said charter; 2. That if the plaintiffs had falsely represented to the defendants, to induce them to make the contract, that they had done work on said section of the canal to the amount of 800 or 1,000 dollars, whilst the canal was under the charge of the state, for which they had not received payment, and that, on the final completion of the canal, they (the defendants) would get the pay for such work so done, and had thereby induced the defendants to purchase said section, when, in truth, there was nothing due the plaintiffs for work done on said section, and they had been paid in full for all work they had done on said section, they had a right to deduct such amount from the sum to be paid to the plaintiffs by said contract. Both these instructions, the Court refused to give.

The overruling of the objection to the article of agreement as evidence, so far as the record shows, cannot be considered erroneous. We are not informed, by the record, what the particular objection was, and we cannot therefore notice it. The defendants should have informed the Circuit Court of the ground of their objection, and when their motion was overruled, they should have taken care to have had such ground of objection made a part of the record. *Camden* v. *Doremus et al.* 3 Howard, 515.

The defendants contend that indebitatus assumpsit was not the proper form of action, as the contract relied on in evidence gives the defendants the choice to pay in money or canal stock. But we do not agree with them. If the defendants failed to avail themselves of the privilege given by the contract, when the time of payment arrived, the plaintiffs might afterwards claim the 1,000 dollars as a debt. This

point is decided in *Duerson et al.* v. *Bellows*, 1 Blackf. 217. And wherever there is a debt due on simple contract, indebitatus assumpsit lies.

The Court did right in permitting the plaintiffs' counsel to read a part of the canal company's charter to the jury, and in refusing to charge the jury to disregard such charter. The charter, as we have heretofore decided, is a public act; and the Court and jury were therefore bound to notice it without its being proved. *Hankins* v. *Lawrence*, at the present term.

The second charge asked to be given to the jury was correctly refused. Had it been material to the defendants, that the fact as to the plaintiffs' claim for work alleged to have been misrepresented was true, the case might be different. But it was of no consequence to the defendants whether such fact was true or false. Suppose the state had owed the plaintiffs for work done on the said section of the canal, the defendants could not, under the contract sold to them, have required the canal company to pay the debt. That is shown by the charter of the company. If, therefore, the plaintiffs informed the defendants that they would have a claim on the company for such debt, it was only a misrepresentation of the legal effect of the contract sold, for which misrepresentation the plaintiffs were not responsible. It could not have deceived the defendants, as they must be presumed to have known the law. *Platt* v. *Scott*, 6 Blackf. 389. The representation assumed in the instruction, was only that the contract sold to the defendants would enable them to get from the company payment for work previously done for the state. But had the plaintiffs, at the time of the sale, promised by parol that the defendants should get the amount alleged to be due for such work, the promise would not have benefited the defendants. The written agreement alone would have governed, in which there is no such promise.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Newman*, for the plaintiffs.

*S. W. Parker* and *J. Perry*, for the defendants.