## MASON v. TONER.

A demurrer, under the code of 1852, does not extend beyond the pleading to which it is addressed.

Suit upon a note, due *December* 25, 1852, containing a stipulation that it might be discharged in notes on good solvent men, due when the note in suit should mature. *Held*, that up to the close of the 25th of *December*, 1852, the maker might have discharged the note in suit by a tender of notes as stipulated, but that upon a failure to do so by that time, he became liable as on a purely money demand.

APPEAL from the *Brown* Circuit Court.

STUART, J.—*Toner* sued *Mason* on a promissory note. Judgment in favor of the plaintiff for the amount of the note and interest.

On the appeal to this Court two points are made, in each of which it is insisted that the Court below erred. The first arises on demurrer. There was a demurrer filed to a paragraph of the answer and sustained. It is urged that the demurrer should have been overruled because the complaint is bad. Our statute, it is argued, is *almost* a literal copy of the *New-York* code on the subject of demurrer; and in that state the demurrer reaches back to the first error in the pleadings. *Schwat* v. *Furniss*, 1 Code R. (N. S.) 342. Counsel have misled themselves by the word *almost*. It will be seen, on comparison, that our statute omits a very significant clause found in the *New-York* code. That omission is fatal to the position assumed here. We have already had occasion to examine this question in *Johnson* v. *Stebbins*, at the last term, (5 Ind. R. 364,) and see no reason to change our ruling. The demurrer, we think, under our practice act, does not extend beyond the pleading to which it is addressed.

The second point relates to the sufficiency of a tender made. It is stipulated by the terms of the note that it might be discharged in notes on good solvent men due at the time the note in suit matured. The note in suit was due *December* 25, 1852. The tender proved was on the 15th of *April*, 1853. The statement of this fact is sufficient. Up to the close of *December* 25th, the maker of the note might have discharged his obligation by a tender of the notes as stipulated. If he failed to do so, he became liable as on a purely money demand.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*J. W. Gordon*, for the appellant.

*M. M. Ray*, for the appellee.