THE JEFFERSONVILLE RAILROAD COMPANY *v.* BUTLER.

*Rule 28—that points not made in the briefs of counsel will not be noticed by the Court—adhered to.*

*Objections to the admission of testimony are not available in error, unless the grounds thereof were pointed out to the Court below.*

*The words "the following was all the evidence offered," are not sufficient under rule 30, to repel the presumption of other evidence, or to raise the presumption that all the evidence is in the record.*

APPEAL from the *Bartholomew* Court of Common Pleas.

DAVISON, J.—The complaint charges that the *Jeffersonville Railroad Company* was indebted to *John M. Butler,* 900 dollars, for timber and cross-ties by him delivered to the company, wherefore he demands judgment, &c. Proper issues being made, the case was submitted to a jury, who found for the plaintiff. New trial refused and judgment on the verdict.

The assignments of error embrace two points: 1. The admission of improper testimony on the trial. 2. That the verdict is unsustained by the evidence.

The first point is not made in the appellant's brief, and will not, therefore, be noticed by this Court. Rule 28 says, "Points not made in some of the briefs by counsel will be considered as waived in the suit in which the briefs are filed, and may be treated by the Court accordingly." 4 Ind. R. p. ix.

But aside from the operation of rule 28, the first assignment of error is not available; because, though various objections to the admission of testimony were made and overruled, still in no instance was the ground of objection pointed out to the Court below. 8 Blackf. 277.

In relation to the second assignment, the appellee contends that there is no sufficient statement in the record that it contains all the evidence given on the trial. The statement which the record does contain, precedes the testimony set out, and is as follows: "The following was all the evidence offered." Rule 30 of this Court, provides that, "In every bill of exceptions purporting to set out the

---

May Term, **1857.**

THE JEFFER-
SONVILLE
RAILROAD
COMPANY
*v.*
BUTLER.

*Wednesday,*
*June 3.*

evidence upon motion for a new trial overruled, the words '*this was all the evidence given in the cause,*' are to be regarded as technical and indispensable to repel the presumption of other evidence." 4 Ind. R. p. ix.    It will at once be seen that, in this instance, there is a failure to meet the requirements of the rule.    The statement that "the following was all the evidence offered," is obviously insufficient "to repel the presumption of other evidence" (1). We are, therefore, not allowed to presume that all the evidence given on the trial is contained in the record.    The judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*W. Herod* and *S. Stansifer*, for the appellants.

(1) See *The New Albany, &c., Railroad Co.* v. *Callow*, on petition for a rehearing, 8 Ind. R. 473.