Nov. Term,
1857.

PARKS
v.
MARSHALL.

*Per Curiam.*—The judgment is affirmed with costs.

*G. Holland,* for the appellants.

*J. D. Howland,* for the appellees.

(1) 9 Ind. R. 174.

---

## PARKS *v.* MARSHALL.

In a suit upon a promissory note payable in certain railroad scrip, where the maker had failed to pay in such scrip, the market value of the scrip is the measure of damages.

*Monday,
December* 21.

APPEAL from the Grant Court of Common Pleas.

STUART, J.—Suit on the following note: " $400. Twelve months after date, I promise to pay *John M. Wallace* four hundred dollars, in *M. & M. V. Railroad* scrip, without any relief from valuation or appraisement laws" (Signed by the defendant, *Marshall.*) The note was assigned by *Wallace* to *Brownlee,* and by *Brownlee* to *Parks.*

There was a jury trial—verdict and judgment for the plaintiff for 249 dollars. *Parks* moved for a new trial, and appeals.

The measure of damages upon this note, is the only question in the case.

The Court instructed the jury that the value of the scrip at the time the note became due, was the measure of the plaintiff's damages.

Was this instruction correct?

There are several cases in our Reports bearing on this question. Let us first ascertain, as nearly as we can, how the several contracts were worded.

In *Coldren* v. *Miller,* 1 Blackf. 296, the notes were payable in current bank paper; and the value of such paper was held the measure of damages. The same doctrine

was held in *Van Vleet* v. *Adair*, 1 Blackf. 346. So upon a note for 30 dollars of canal money. *Columbia* v. *Amos*, 5 Ind. R. 184.

In *Mettler* v. *Moore*, 1 Blackf. 342, the covenant was for 125 dollars, in whisky, to be delivered at a particular place. *Held*, upon default the plaintiff was entitled to the face of the note and interest. In *Mason* v. *Toner*, 6 Ind. R. 328, it was stipulated that the note might be discharged in notes on good men, due at the maturity of the note in suit. *Held*, that if not thus discharged at maturity it became a purely money demand. In 7 Blackf. 231, the defendants promised that on *August* 1, 1841, they would pay the plaintiff 2,000 dollars, or convey him certain land. *Held*, that up to that day they had the right to elect which they would do; if they failed to exercise that right, they became liable for the money. Accordingly, *Duerson* v. *Bellows*, 1 Blackf. 217 (1).

In the cases cited from 1 Blackf. and 5 Ind. R. *supra*, the bank paper and canal scrip were an issue authorized by law, and passing conventionally as money. Had this species of currency been tendered at the maturity of the notes, it would have satisfied their terms. Of course the value of such paper currency at the maturity of the notes, was the measure of damages.

But, in the case at bar, the issues of railroad scrip had no such conventional value. The issue of such scrip was wholly outside of the purposes of the corporation, and unauthorized by law. At best, it could only be regarded as the promissory notes of the company—not to be distinguished from the notes of individuals.

This case is also to be distinguished, perhaps, from *Mason* v. *Toner*, and others cited, in this: that in those cases the note was drawn, payable in money—with a supplemental agreement, forming but one contract, it is true, but yet distinct as parts, to the effect that the note might be discharged in something else than money, if paid at a specified time.

Upon the whole, the majority of the Court are inclined to hold the note in this case payable in scrip; and that in

case of failure, the measure of damages was the market value of the scrip at the time.

The authorities in other states are somewhat conflicting. In Edwards on Bills and Promissory Notes, 723, the adjudications of several of the states, on notes payable in specific articles, are collected. But, in relation to cases like that at bar, where the article to be paid is bank notes or scrip in the similitude of bank notes, the author says, " There is a class of cases in which the rule as held in some of the states, [viz., the sum named in the note as the measure of damages,] might, if applicable, operate unjustly towards the party in default; as, when a note is made payable in greatly depreciated bank bills, being given for twice or three times the amount of the debt due.   *   *   * When a party gives his note, payable in depreciated currency, he declares in substance, that the nominal amount is not the true amount due." Edwards on Bills, &c., 725. See, also, 2 Pars. on Contr. 432, 441, 490 and note $q$, and the authorities cited; *Smith* v. *Dunlap*, 12 Ill. R. 184; Sedgw. on Dam. 239, *et infra*.

But we prefer to place the decision on the earlier opinions of our own Court above cited. The doctrine there held, is supported by the class of authorities just referred to.   Whether it is entirely free from objection on principle, it is now too late to inquire.   It has been so long established and acted upon, that it would be mischievous to unsettle it, even if it could be successfully assailed on principle.   In relation to a great majority of legal questions, stability is preferable to change.

If parties would avoid the effect of such a principle, they must, as is done in *Mason* v. *Toner*, or in some other appropriate terms, make their contract definite, and thus leave no room for construction.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Brownlee*, for the appellant.

*I. Van Devanter* and *J. F. McDowell*, for the appellee.

(1) See, also, 1 Gall. 388, 400; Doug. 14; 2 Ev. Poth. 46, 47.