McGILL *v.* KENNEDY and Another.*

Where in a suit, under the occupying-claimant law, to recover the value of improvements made on land, the case was at issue upon the making of the improvements, *it seems* that the plaintiff might prove the value.

But, under that issue, a title-bond, introduced to show that the plaintiff had no claim for improvements, or evidence that the plaintiff had come into Court and acknowledged that his claim had been paid, is inadmissible, because not pertinent to the issue.

The defendant, in such case, cannot prove the present value of the improvements. The plaintiff is entitled to recover the value of all lasting improvements made by him prior to the commencement of the defendant's action to recover the land occupied; and the value of such improvements, at the time of the recovery in that action, is the measure of damages in this action.

*Wednesday,
June 2.*

APPEAL from the *Blackford* Circuit Court.

DAVISON, J.—This was a petition by the appellees, who were the plaintiffs, against *McGill*, under the occupying-claimant law. The facts set forth in the petition, so far as they relate to questions arising in the record, are as follows:

One *Craig*, having bought a tract of land situate in *Blackford* county, and having received a deed therefor, sold it to *McCallister*, and made him a deed. *McCallister* took possession of the land, cleared 17 acres, erected thereon a dwelling-house, a stable, and a saw-mill, and made other improvements, &c. After this, *McCallister* sold and conveyed the land to *Kennedy*, who also took possession and made improvements, &c. And afterwards *McGill* brought an action of ejectment for the land, and recovered it; to which action *Kennedy* and *McCallister* were made defend-

---

* The petition for a rehearing in this case was filed on the 22d of *June*, and overruled on the 14th of *November*.

ants.   The petition prays that a jury be impanneled to as-
sess the plaintiffs' damages resulting from the loss of their
improvements, &c.

*Mc Gill's* answer to the petition contains four paragraphs.
To the second, third, and fourth, the plaintiffs demurred,
and their demurrers were sustained; but to these rulings
no exception was taken; hence, the action of the Court, in
sustaining the demurrers, is not assignable for error, and
the pleadings thus disposed of are not before us for con-
sideration.   *Zehnor* v. *Beard*, 8 Ind. R. 96.

The first paragraph alleges " that the plaintiffs did not
make valuable and lasting improvements on the land de-
scribed in the petition," &c.

Upon the issue made by the defense, the cause was sub-
mitted to the jury.   Verdict for the plaintiffs.   And the
Court, having refused a new trial, rendered the proper judg-
ment, &c.

During the trial, the plaintiffs offered evidence tending
to prove the value of the improvements made on the land
by *Kennedy*, which evidence, though resisted by the defend-
ant, was admitted by the Court.   Under the state of the
pleadings, this ruling seems to be correct; still the point
made is not properly before this Court, because the defend-
ant's ground of objection to the admission of the evidence
does not appear to have been presented to the Circuit Court.
8 Blackf. 277.—9 Ind. R. 205.

The record states that the defendant offered to give in
evidence a title-bond for the land, given by *Mc Callister* to
*Kennedy*, for the purpose of showing that *Mc Callister* had
no claim for improvements; and also to prove, by compe-
tent evidence, that *Kennedy* had come into open Court and
acknowledged that his claim had been fully paid.   But the
evidence thus offered was rejected by the Court.

As we have seen, the only issue raised by the answer is,
whether or not the plaintiffs had made the improvements
alleged in their petition.   Hence the rejected evidence was
plainly inadmissible, because it was not pertinent to the
issue.

Further, the defendant, upon the trial, offered to prove

the *present* value of the improvements made by the plaintiffs on the land; but the proposed proof was refused, and we think correctly. The plaintiffs were entitled to recover the value of all lasting improvements made by them prior to the commencement of the action for the recovery of the land. 2 R. S. p. 172, § 617. And the value of such improvements, at the time of the recovery in such action, was, in our opinion, the proper measure of damages. A question is raised as to the sufficiency of the proofs to sustain the verdict; but we have carefully examined the evidence, and are fully satisfied that the defendant was not entitled to a new trial.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. Brownlee*, for the appellant.

*W. March*, for the appellees.