Nov. Term,
1858.

THE OHIO AND MISSISSIPPI RAILROAD COMPANY *v.* BATH.

THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.
*v.*
BATH.

In an action against a railroad company to recover damages done to the plaintiff by the construction of the road through his farm, to which the company answered setting up a release of such damages, and the plaintiff replied, alleging that the release was obtained from him by fraudulent representations in regard to the location of the road through his lands, mere oral testimony of witnesses in regard to what their opinion had been in reference to the permanent location of the road, previous to the execution of the release, is only matter of opinion, and is not sufficient to establish fraud in its procurement.

*Wednesday,
January* 19,
1859.

APPEAL from the *Daviess* Circuit Court.

HANNA, J.—*Bath* sued the company for constructing the road through his lands, &c. Trial and judgment for the plaintiff.

The answer set up a release of the right of way, containing, among other matters, the following clause:

"It being proposed by the *Ohio and Mississippi Railroad Company* to locate and construct its road through said tracts of land, or a part thereof, in consideration that said *Ohio and Mississippi Railroad Company* shall so locate and construct its road, as proposed, upon or through said tracts of land, any or either of them, or any part thereof, then we the undersigned," &c.

*Bath* replied that the release was obtained by fraud; that at the time of the execution of said instrument, said defendant fraudulently represented that said road would be constructed at, &c., crossing said land in a place where it would have been of but slight injury, but that afterwards, &c., said road was constructed at a different place, where it was of great damage, &c.

There was no demurrer to this reply.

The plaintiff was permitted to introduce evidence tending to show the representations made to him at the time, and before he signed the release, by persons professing to act as agents of the company, as to where the road would be located, and of the fact that a line had been before that time run on another part of his land from that where it was ultimately built. The evidence was objected to, in

this form, as it appears in the bill of exceptions: After the testimony in chief of a witness is set forth, this language occurs—"To all of the foregoing testimony, the defendants, by counsel, object, and the objection is overruled."

Nov. Term, 1858.

THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD CO.
v.
BATH.

It is now insisted that the objection was not taken at the proper time, nor in the proper manner. See *Crabs* v. *Mickle*, 5 Ind. R. 145; *Russell* v. *Branham*, 8 Blackf. 277; 7 Ind. R. 679; *Camden* v. *Doremus*, 3 How. 530. Without deciding whether the objection to the admission of the testimony is well taken or not, we are of opinion that the evidence thus admitted did not prove the answer, nor tend to do so, to an extent sufficient to authorize us to permit the judgment to stand. That proof consisted in oral testimony of witnesses in regard to what their opinion had been in reference to the permanent location of the road, previous to the execution of the release (this was matter of opinion only, founded upon the fact that a line had been run, and stakes set up, &c.); and the evidence of one *Hoffmaster*, that *Clements*, a director and agent of the company, sent witness to *Bath* to try to obtain a release, &c.; that witness stated to plaintiff that if he would release the right of way, the company would ditch and fence his road and make his land dry; but witness does not recollect whether *Clements* authorized him to so state or not; that the line, as then run, was along a wet piece of ground on a branch; that the plaintiff did not then sign a release." Also, the evidence of one *McTigert*, who testified to a conversation had a few days before the trial (in 1854), between the plaintiff and Judge *Clements*, in which the latter said he understood, at the time the release was signed, that the road was permanently located in 1852, but did not know whether *Clements* said that he had so informed plaintiff at the time.

But it is urged that the evidence is not all in the record. The jury were, under the statute, sent out to view the premises. We cannot perceive how that view could, in the case at bar, have had any weight upon the issue we are now considering. That view might have assisted

Nov. Term,
1858.

them in coming to a conclusion as to the question and measure of damages; but we cannot see the aid to be derived therefrom upon the question of whether the release was properly obtained. The evidence appears to be all in the record upon that point.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. Judah*, for the appellants.

*D. M'Donald* and *A. G. Porter*, for the appellee (1).

