Nov. Term,
1859.

ALLEN
v.
NOFSINGER.

---

ALLEN and Another *v.* NOFSINGER.

A promissory note, and the contract in writing out of which it arises, if both are executed at the same time, constitute but one agreement; and that agreement cannot, as a general rule, be varied, or its terms added to, by parol evidence.

Saturday,
December 17.

APPEAL from the *Putnam* Circuit Court.

PERKINS, J.—In *January*, 1856, *Allen May* executed an agreement of which the following is a copy:

"Know all men by these presents, that I, *Allen May*, of the city of *Indianapolis*, county of *Marion*, state of *Indiana*, for value received, have bargained, sold, assigned, and transferred, and by these presents, do sell, bargain, assign, and transfer, unto *William D. Allen* and *John Sherill*, of the county of *Putnam, Indiana*, five hundred shares of the capital stock of the *Farmers' and Mechanics' Bank*, at *Indianapolis, Indiana*, standing in my name on the books of said bank; and I do hereby assign, transfer, and set over to the said *William D. Allen* and *John Sherill*, their order

or assigns, all rights and privileges, secured by virtue of the organization of said banking concern; and the safe and impressions belonging to said bank; also, all right, title, interest, claim, and demand, present, perspective, and reversionary in, and to any and all stocks and securities which have been by me, or any person or persons, transferred and deposited with the treasurer of state of the state of *Indiana*, for the redemption of the bills and notes of the said bank, in accordance with an act to authorize, &c., passed *March* 3, 1855.   In witness whereof, &c.

"*January*, 1856.                    *Allen May*, [seal.]"

At the same time, and as a part of the same transaction, a note, as follows, was executed:

"$8,500.                    *Indianapolis, January* 15, 1856.

"On or before the twenty-fifth day of *December* next, we promise to pay *H. E. Talbott*, the sum of eight thousand five hundred dollars, for value received, without the benefit of the valuation or appraisement law, the same to bear interest from date at the rate of six per cent.

[Signed]                    "*W. D. Allen*,
                    "*John C. Sherill*,
                    "by *E. McCarty*."

The note was made payable to *Talbott*, and was assigned to *Nofsinger* by direction of *May*.

*Nofsinger* sued upon the note and recovered below.

The defendants sought, on the trial, to prove that the written agreement above copied, did not embrace all of the stipulations of the sale upon which the note was given; that there was some resting in parol that had not been fulfilled.   It was not pretended that there was any mistake, fraud, or fraudulent representations.   The Circuit Court refused to hear evidence of such parol additions to the contract.

As the note and written agreement were executed at the same time, and upon the same transaction, they constitute one agreement, in effect, one instrument.   Ind. Dig. 784.— *Cunningham* v. *Gwinn*, 4 Blackf. 341.

The case is as if the written agreement had been em-

bodied with the note on the same piece of paper.　*Coe* v. *Smith*, 1 Ind. R. 267.

Taken together, they purport to contain the complete contract of the parties.　Such being the case, the law is well settled, that it cannot be varied, nor its terms added to, by parol evidence.　The written contract must speak the terms of the agreement.　Ind. Dig. 220, 439.—2 Phil. Ev., ed. 1859, p. 665.

Where a bill of sale of a slave contained a warranty of title, held, that a parol warranty of soundness, made at the same time, could not be proved.　*Id.*, p. 667.

Exceptions to the above general rule exist, and the cases under them are cited in *Phillips, supra*, at p. 669; but the present case does not fall within them.

*Per Curiam.*—The judgment is affirmed with 3 per cent. damages and costs.

*H. Secrest* and *S. B. Gookins*, for the appellants.

*J. P. Usher*, for the appellee.