## Ireland *v.* Montgomery and Another.

CONTRACT.—*Separate Instruments of Different Dates.*—Suit on a bond conditioned in the alternative, that the principal obligor should, on a certain day, pay the plaintiff a certain sum, or in lieu thereof, at his own election, secure to the plaintiff on that day a clear title and the possession of certain real estate. Answer, setting up a written agreement alleged to have been made at the time of the making of the contract mentioned in the complaint and as a part thereof, but bearing a different date, whereby the plaintiff agreed that he would, on, &c., being the day fixed in said bond for the performance of the condition thereof, convey a certain farm to said principal obligor, the answer alleging that the plaintiff had failed and refused to so convey said farm, &c.

*Held,* that upon demurrer to said answer, the instrument therein set out should, notwithstanding the expressed date thereof, be regarded as having been executed at the same time that said bond was executed, and be considered as a part of the same contract.

*Held,* also, that the failure of the plaintiff alleged in the answer constituted a bar to the suit on the bond.

SAME.—*Alternative Modes of Performance.*—Under a bond so conditioned, the right of the obligor to elect between the alternative modes of performance

Ireland *v.* Montgomery and Another.

ceases after the date fixed for performance by the bond. No mere notice given by the obligor to the obligee, of the mode in which the former elects to perform, is conclusive on the latter, and no demand by the obligee for a deed is necessary to entitle him to recover the money.

PLEADING.— *Tender.*—An answer, pleaded in form in bar of an action generally, setting up a tender alleged to have been made after the filing of the plaintiff's complaint, without expressly showing that the action had been commenced, though asking judgment for costs only from the time of making the tender, is bad on demurrer.

APPEAL from the Gibson Common Pleas.

Downey, J.—Ireland sued Montgomery and McQuade on a writing obligatory, dated January 3d, 1867, in the penalty of three thousand dollars, which recited that Ireland had sold to Montgomery his farm, for which Montgomery had agreed to pay one hundred dollars cash, a promissory note for two hundred and sixty dollars, due December 25th, 1868, with interest, and to elect between paying to Ireland on the 5th day of October, 1868, twenty-two hundred dollars, or securing to him a clear title and possession, on that day, to the north half of inlot thirteen, in the original plat of the town of Owensville, in Gibson county, the sheriff's certificate of sale of which he had assigned to Ireland on the day the contract was made; or, if said property should be redeemed before October 5th, then Montgomery need only pay to Ireland the said note, on which a credit of one hundred dollars should be given, and might retain all title and interest in said land, which would otherwise have remained in said Ireland; and was conditioned that if Montgomery should comply with and fulfill said agreement, then this obligation should be void, otherwise in full force. It is then alleged, that though it was agreed that the sheriff's certificate should be assigned by Montgomery to Ireland, yet, by mistake, it was not done, but remained in possession of Montgomery; that the real estate was not redeemed before or on October 5th, 1868; that the plaintiff had performed all the stipulations in the contract on his part to be performed, and was ready and willing, on the said 5th day of October, 1868, to receive from Montgomery the said sum of twenty-two hundred dollars,

or, in lieu thereof, the title and possession of the said real estate; that Montgomery failed, on the day named, to per-form either of the alternative stipulations, and still refuses; that the plaintiff sought for Montgomery on the 5th day of October, 1868, to demand the same, but was unable to find him; that he did find him and made the demand on the next day, and has since made the demand of him on divers days.

The defendants answered in five paragraphs. The plaintiff demurred to the first, third, fourth, and fifth paragraphs, and the demurrers were overruled, and exceptions entered. No notice seems to have been taken of the second, nor is any question with reference to it presented here. The plaintiff refusing further to reply to the defendants' answer, judgment was rendered for the defendants, that they go hence and recover their costs.

The errors assigned are, that the court erred in overruling the demurrers, and in giving judgment for the defendant.

The first paragraph states, that at the time of making the contract mentioned in the complaint, and as a part of said contract, Ireland executed to Montgomery a writing obliga-tory, as follows: "This agreement, made the 3d day of Jan-uary, 1868, between George C. Ireland, of Gibson county," &c., "of the first part, and Garrard M. Montgomery, of," &c., "of the second part, witnesseth, that the said Ireland agrees and covenants that on the 5th day of October, 1868, he will make to said Montgomery, his heirs and assigns, a good warranty deed to the following described real estate, in," &c., to wit: part of the south half of the south-east quarter of section eighteen, in township two, range nine, containing seventy acres; and also part of the west part of the south-west quarter of section seventeen, same township and range, containing six acres. The said deed to be given in case said Montgomery fulfills the following terms of pay-ment, to wit: one hundred dollars cash, four hundred and sixty dollars on the 25th of December, A. D. 1868, to be on interest at six per cent., and either the redemption money of the following real estate, to wit: the north half of inlot thir-

teen, in the town of Owensville, &c., which has been sold by
the sheriff, on or before the 5th day of October, A. D. 1868,
in which case said note sh'all be credited one hundred dollars,
or secure said Ireland in the clear title and possession there-
of at said date; or, if he elect, pay him instead the sum of
twenty-two hundred dollars; also, that in case said property
shall come to said Ireland, then said Montgomery is to secure
to him all shelves and counters in the house thereon.   Wit-
ness, &c., this 3d day of January, 1868, &c.

                                        G. C. IRELAND.
   Attest: C. A. BUSKIRK."

   But said plaintiff has failed and refused to comply with the
conditions of said contract or writing obligatory, in this, to
wit: that said plaintiff has wholly failed and refused to make
and execute to the said defendant a good and sufficient deed
for the lands sold to him by said plaintiff and described in
said writing obligatory, as by the terms of said contract he
was bound to do.

   The question is discussed by counsel in their briefs, as to
whether it can be alleged, in opposition to the expressed date
of the instrument, that it was really executed at the same
time that the bond set out in the complaint was executed,
and as a part of one and the same contract.

   Such an instrument takes effect only from the time of its
delivery.   It would be valid without any date, or with a
wrong or impossible date.   We think the pleading was not
objectionable on this ground.

   For the purpose, then, of judging of the sufficiency of the
paragraph in question, we must regard it as true, as alleged,
that the two instruments were executed at the same time,
and that they constitute but one contract.   See *Allen* v. *Nof-
singer*, 13 Ind. 494; *Judah* v. *Zimmerman*, 22 Ind. 388.

   A question is made as to whether Ireland was bound to
execute the deed to Montgomery on the 5th of October, or
not until the 25th of December, when the note for two hun-
dred and sixty dollars matured.   The deed was to be made
   VOL. XXXIV.—12

on the 5th of October, in case Montgomery fulfilled the terms mentioned. We construe this to mean that Montgomery should do the acts which were to be done on or before October 5th, to entitle himself to a deed at that time, but was not obliged to wait for the deed until after the maturity and payment of the note falling due December 25th.

Looking at the two instruments as one contract, it seems to us that the appellant was bound to execute and deliver, or tender, a deed for the farm which he had sold to the appellee Montgomery, before he could maintain an action against him for the non-performance of the acts which Montgomery was to perform at the same time, as the consideration for such conveyance; and as the paragraph in question alleges that he did not do so, it is a good bar to the action. See 1 Davis' Indiana Digest, title Vendor and Purchaser, secs. 24 and 36.

The third paragraph alleges, that, on the 23d day of October, 1868, and after the filing of the plaintiff's complaint, the appellee Montgomery tendered to the appellant a good and sufficient deed in fee simple, for the real estate in the complaint mentioned, which he refused to accept, which deed he alleges he brings into court for the use of the plaintiff, and that he has, at all times, been ready to put the appellant in possession of said property; and asks that the appellant be required to execute a deed to the appellee, and if the appellant shall fail to do so, that a commission be appointed to execute the deed, and that he recover costs after the date of the tender.

This paragraph does not inform us, expressly, whether the process had been issued on the complaint or not. It is the issuing of the summons which constitutes the commencement of the action, except where publication is made. 2 G. & H. 59, sec. 34.

We think, however, taking all parts of the paragraph into consideration, that we ought to hold, against the pleader, that the summons had issued, and that the suit was therefore commenced, before the deed was tendered. Taking this view of it, we think the answer was objectionable because it was pleaded in bar of the action generally, and not in bar of the

further maintenance of the action. While the appellee claims costs only from the time of making the tender, his answer is yet in bar of all costs. While it tacitly concedes a right to commence the action, and to maintain it until the time of the tender, it is pleaded, in form, in bar of the action from its commencement, and in bar of all costs.

But there is another, and, perhaps, a more substantial objection to the paragraph. By the terms of the bond set out in the complaint, the appellee had the option, until the 5th of October, 1868, whether he would convey the real estate, or pay the twenty-two hundred dollars; but afterwards he had no such option. In *Duerson* v. *Bellows*, 1 Blackf. 217, which was an action on a writing obligatory for the payment of five hundred dollars lawful money, or good current paper, on or before a certain day, this court say, "This contract, being in the disjunctive, the obligors, as the first agents, had an election to discharge the obligation by paying the amount on the day when due, either in lawful money or good current paper, according to their own interest or convenience. But when the time fixed on for the payment was past, the privilege of election belonged to the obligee, and he then had the right to choose for which he would bring his action. Co. Litt. 145. In the present suit, the plaintiff below goes for the lawful money mentioned in the obligation, assigning as a breach, the non-performance of either part of the contract; he was justified by the law in doing so, and the action of debt was his proper remedy."

The case of *Fretageot* v. *Owen*, 7 Blackf. 231, is, we think, very much in point. It was on an obligation by which the defendants agreed to pay two thousand dollars, or convey certain real estate, on a specified day. Breach, that they had not paid the money or conveyed the land. It was held, relying on the authority of the case in 1 Blackf. *supra*, that the defendants were liable for the money, not having executed the deed within the specified time. See, also, *Mason* v. *Toner*, 6 Ind. 328.

We think the third paragraph was not a good defense to

the action, and that the demurrer to it should have been sustained.

The fourth paragraph alleges, that the appellant did not, at any time before the bringing of the suit, demand a deed from the appellee, and that he has been ready to convey. We think the paragraph is bad, for the reasons given above. The time was fixed when the deed was to be made, if the appellee elected to convey the land, and no demand of a deed was necessary to enable the appellant to recover the money. The appellee had his election; he was the party who was first to act, by making his election, and by doing or offering to do the one thing or the other. The appellant had nothing to do but to perform his part of the contract, after the appellee had made choice of which of the two things he would do. Upon his failing to make the title to the real estate, the claim resolved itself into a demand for money.

The fifth paragraph alleges, that, on and prior to October 5th, 1868, Montgomery had informed Ireland, and that Ireland well knew, that he had elected not to pay the twenty-two hundred dollars, but to convey the real estate.

This paragraph is also bad. Mere notice of his election was not sufficient. We think he should have executed the deed for the real estate and delivered, or offered to deliver it, upon Ireland, at the same time, executing to him the deed which he was to make for the farm. But, as we have held the first paragraph of the answer good, we must affirm the judgment.

Judgment affirmed, with costs.

*W. M. Land,* for appellant.

*A. C. Donald* and *J. E. Phillips,* for appellees.