No. 8993.

## NIPP ET AL. *v.* DISKEY.

PROMISSORY NOTE.—*Contract.*—*Payment of Note in Services.*—*Demand.*—When a note for the payment of money on a day fixed contains a stipulation that payment may be made before maturity in sawing lumber at a named price, the payee to furnish the logs therefor, the payor may give notice of his readiness to perform accordingly, and request that the logs be produced, and a failure of the payee to do so will excuse performance on the part of the payor; and the payee can not demand money without showing that he furnished logs and requested the payor to saw them.

SAME.—A stipulation in a note that it may be paid in specific articles of property or in work or labor is for the benefit of the payor, and he may, as he elects, pay either in property or labor, and if he make proper tender can compel the creditor to accept payment in the articles or work; but if he fails to duly exercise his election, or make a proper tender when it is necessary, the creditor may enforce payment in money.

From the Grant Circuit Court.

*F. J. Hall, T. J. Newkirk, W. A. Bonham* and *W. H. Carroll,* for appellants.

*A. Steele* and *R. T. St. John,* for appellee.

ELLIOTT, C. J.—Appellants were the plaintiffs below, and brought this action upon two promissory notes and a chattel mortgage executed by the appellee.

A verdict was returned for the appellee, and separate motions for a new trial were filed by the appellants. The only argument made in support of the appellant Bell's claim for a reversal is, that the verdict is contrary to the evidence. We find some evidence supporting the conclusion of the jury, and that requires us to decline to disturb it.

In arguing the questions presented upon the ruling denying Nipp's motion for a new trial, counsel discuss the evidence, but what we have said in reference to Bell's motion disposes of this point.

The appellant Nipp presents questions not presented by Bell, and we now proceed to consider them. The note owned by Nipp, and acquired by assignment from Bell, is in the usual form, but contains this additional provision: "The amount of this may be discharged at any time before its ma-

turity, in sawing lumber at fifty cents per one hundred feet, the said payee to furnish logs out of which to saw said lumber." The appellant Nipp asked the following instruction: "The note sued on in this case, calling for $1,211.23, owned by the plaintiff Nipp, contains a provision that the same may be discharged at any time before maturity, in sawing lumber at fifty cents per 100 feet, the payee to furnish logs out of which to saw said lumber. If it is shown that the payor, before the maturity of the note, kept himself ready to do said sawing, and even demanded logs for that purpose, and the plaintiff failed to furnish them, it would not be a discharge of the note, as the furnishing of the logs and the sawing of the lumber were mutual and concurrent acts, and according to the terms of the contract might have been so discharged, but if there was a failure of either party the note at once became payable in money."

In criticising this instruction appellee's counsel say that it is erroneous because it assumes the existence of a fact. We do not think there is any force in this objection. It is proper for the court to construe written instruments, and to inform the jury of their legal meaning and effect. It is also proper for the court to state what stipulations are contained in a written contract, in cases where there is no controversy as to its execution, and no dispute as to what its language is.

We think the instruction was properly refused, for the reason that it declares that the note became payable in money, although the entire default was on the part of the appellant. The appellee was liable to pay in money only in the event that he failed or refused to saw logs into lumber when furnished to him for that purpose by the appellant. The former was not liable to an action for money until he had been put in default. The appellant could not, at his election, deprive the appellee of the benefit of the stipulation in the note. It would have been error to give the instruction as asked, and the court did right in refusing it.

The court, at the request of the appellee, gave the following

instruction : " If you find from the evidence that the defendant
Diskey, before the note to Nipp became due, informed and noti-
fied Nipp that he was ready and willing to pay said note in saw-
ing lumber, and that he, Diskey, wanted Nipp to bring on the
logs, and if said notice was a sufficient time before the note fell
due to have done such sawing by the time the note fell due,
then the plaintiff Nipp can not recover on the note due him."

It is maintained by appellant's counsel that the stipulation
in the note providing for payment in sawing lumber was for
his benefit alone, and that he might waive or enforce it at
pleasure. This position is not tenable. A stipulation pro-
viding that a note may be paid in specific articles of property,
or in work and labor, is for the benefit of the payor. He may,
if he elects, pay the note in property or labor, and, if he makes
the proper tender, can compel the creditor to accept payment
in the articles or work designated in the note.

If a debtor, having the right to elect to pay a note in ser-
vices or property, fails to duly exercise his election, and make
the proper tender in cases where a tender is necessary, then
the creditor may enforce payment in money. The creditor,
however, can not elect to disregard the stipulation as to the
mode of payment, and demand money in the first instance.
His right to payment in money does not arise until the default
of the debtor to perform, or offer to perform, the stipulation
in the note as to the mode of payment.

Under the stipulation in the note, the appellee had a right
to elect to pay the note by sawing lumber, at the price fixed
by the contract. As the appellant was bound to furnish the
logs out of which the lumber was to be sawed, no more could
be done by the appellee than to keep himself prepared to per-
form the stipulation, and notify the former of his readiness to
do the work, and request him to furnish the logs. The con-
tract gave appellee a right to pay in the mode stipulated, and
if he did all that the appellant would permit him to do, he
can not be deemed to have been in default. *Mason* v. *Toner,*
6 Ind. 328 ; *Parks* v. *Marshall,* 10 Ind. 20 ; *Duerson* v. *Bel-*

*lows,* 1 Blackf. 217. The option as to whether the note should be paid in money or in work, was with the appellee until the maturity of the note. *Ireland* v. *Montgomery,* 34 Ind. 174. If he exercised this option by making tender of performance, and doing all that it was in his power to do, he can not be deemed to have lost his right.

Where a debtor has a right to pay by doing work upon materials to be furnished by the creditor, the latter can not destroy that right by refusing to furnish the materials provided for by the contract. If the rule were otherwise, the result would be the punishment of one who was entirely free from fault, because of his adversary's default. The law is not subject to the reproach of sanctioning any such a doctrine.

Judgment affirmed.