WILLIAM DEERING and Others v. JOHN E. JOHNSON.[1]

May 9, 1902.

Nos. 12,954—(91).

### Breach of Contract—Complaint.

Complaint upon an action for breach of a contract to give a promissory note upon the delivery of a machine considered, and *held* to state a cause of action.

### Measure of Damages.

For the breach of an agreement to execute a promissory note payable in the future, damages may be recovered presently, and the amount for which the note was to be given will be prima facie the measure of damages.    American Mnfg. Co. v. Klarquist, 47 Minn. 344, followed.

[1] Reported in 90 N. W. 363.

Appeal by plaintiffs from an order of the district court for Nicollet county, Webber, J., sustaining a demurrer to the complaint. Reversed.

*Henry N. Benson* and *A. A. Stone*, for appellants.

*C. R. Davis*, for respondent.

LOVELY, J.

Action upon an order given for a harvester and binder. Defendant demurred to the complaint upon the ground that it did not state a cause of action. The demurrer was sustained, from which order plaintiffs appeal.

It appears from the complaint that on May 27, 1901, the parties entered into an agreement in writing in the form of an order for a harvester, bundle carrier, and binder cover, for which defendant was to turn over, on its delivery, an old Deering binder, and an approved note for $100, payable in November following. This order was addressed to plaintiffs' agents, signed by the defendant, and accepted by plaintiffs. The complaint further alleges that

"The plaintiffs duly accepted said order, * * * and have duly performed all the conditions * * * on their part, * * * and on or about the 25th day of June, 1901, the plaintiffs duly delivered the same to the defendant in accordance with said order or contract; that the defendant refused to accept said machine, and refused to settle for the same in accordance with the terms of said contract."

The order, which is set forth in full in the complaint, contains provisions for a warranty of the machine by plaintiffs, with conditions providing that the Deering Harvester Company will, upon the failure of such conditions, take it back, etc. The complaint bears date of August 30, 1901, and asks a recovery of $100,—the designated amount of the note which defendant was to give, but refused to deliver.

No reason is assigned by the court below for sustaining the demurrer, and we can only infer the grounds upon which it acted in that respect from respondent's brief. It is apparent from the complaint that the transaction was between the Deering Harvester Company and defendant. While the order was addressed to certain persons designated as "agents," it is stated elsewhere in the

complaint that it was executed by the parties to the action. It is also fairly inferable from the terms of the order that the plaintiffs were the parties with whom the contract was made. They are named therein as the persons making the warranty. The allegation of the acceptance is explicit, as well as the averment that the machine was actually delivered under the terms of the order. Upon such delivery, plaintiffs were entitled to have the note for $100 provided for therein, which was to run until the following November. The averment that defendant refused to accept the machine and settled for the same in accordance with the terms of the contract clearly implies that he declined to give this note. Upon these facts, no other conclusion can follow than that, upon such refusal to settle, there was a breach of the contract by the defendant. The action was not prematurely brought.

For the breach of an agreement to execute a promissory note payable in the future, damages may be recovered presently, and the amount for which the note was to be given will be the prima facie measure of such damages. American Mnfg. Co. v. Klarquist, 47 Minn. 344, 50 N. W. 243.

Order reversed.