## ORA ·G. STROUT *vs.* HORACE D. JOY.

## Hancock.    Opinion July 3, 1911.

*Payment.   Medium. · Option.   Damages.   Contracts.*

Where the plaintiff agreed to build a road for the defendant "for the sum of $200 to be paid for in loam" at 25 cents per cubic yard, *held* that the defendant was entitled to exercise the option of paying the $200 in money or letting the plaintiff remove the loam as an equivalent of money and apply it in payment of the $200 at 25 cents per cubic yard.

Where the plaintiff agreed to build a road for the defendant for $200 to be paid for in loam at 25 cents per cubic yard, and the plaintiff took some of the loam but not enough to pay the whole sum of $200, *held*, that while the measure of damages should have been $200 less the value of the loam the plaintiff might have taken under his contract, yet inasmuch as the evidence was too vague to warrant more than a speculative estimate of loam that might have been taken that the plaintiff was entitled to recover $200 less $6.75 the value of 27 cubic yards of loam admitted to have been taken by the plaintiff.

On motion by defendant.   Sustained unless remittitur be made.

Action on a written contract.   Writ contained three counts, one for breach of contract, one upon an alleged promise to sell certain loam to the plaintiff, and one on an account annexed.   Plea, the general issue.   Verdict for plaintiff for $350.50.   Defendant filed a general motion for a new trial.

The case is stated in the opinion.

*Deasy & Lynam*, for plaintiff.

*Charles H. Wood, and George E. Googins*, for defendant.

SITTING :   EMERY, C. J., SPEAR, CORNISH, KING, BIRD, HALEY, JJ.

SPEAR, J.   The declaration in this case contains three counts, one for a breach of contract, one upon an alleged promise of the defendant "to sell to the plaintiff 800 cubic yards of loam to be taken from the defendant's land" at 25 cents per cubic yard and one in assumpsit, as will more fully appear from the following extracts upon which the counts are based, to wit :

The essence of the contract was an agreement on the part of the plaintiff to build a road for the defendant in a specified manner. This the jury found was done in accordance with the contract and the plaintiff must therefore be regarded as having executed his contract and to have become entitled to the compensation agreed upon for so doing. The amount to which the plaintiff was entitled for the performance of his contract depended upon the medium in which he was to be paid, and is the issue upon which the present contention has been raised. Article 3 of the contract reads: "Said Strout agrees to complete all of the above specified work for the sum of $200, to be paid for in loam as hereinafter set forth." So much of Article 4 as is pertinent to the present inquiry, reads, "Said Joy agrees to pay said Strout for building said road and bridge as aforesaid, the sum of $200, the same to be paid for in loam from said road at 25 cents per cubic yard and as said loam is removed by said Strout. . . . Said Strout agrees to remove said loam as rapidly as possible and will have it all off not later than June 15, 1909."

Under this agreement the plaintiff contended that he was entitled upon the completion of his contract to 800 yards of loam, or the value thereof, regardless of the two hundred dollar limit as the value of the work. Upon this theory at the trial he asserted that the loam in which he was to be paid was worth fifty cents per yard and recovered a verdict of $350.50, $150.50 in excess of the consideration named in the contract as the amount in dollars and cents for which he was to do the work. The defendant contended that under the contract he was entitled to exercise the option of paying $200 in money or letting the plaintiff remove the loam as an equivalent of money and apply it to the payment of $200 at 25 cents per cubic yard.

In view of the purpose, subject matter and language of the contract, we think the defendant's contention must prevail. The count, upon which the plaintiff claims, alleges a promise on the part of the defendant "to sell to the plaintiff 800 cubic yards of loam," etc. We do not think the contract shows such a sale. The object and purpose of the contract were not to effect a sale of loam

but the construction of a road. The thing to be done was the building of a road. The amount to be paid for doing it was $200. Incident to the payment of the $200 the defendant agreed to let the plaintiff have loam at 25 cents per yard in payment in full, or pro tanto if not enough loam, and the plaintiff agreed to take it and remove it. As money is a standard of value and dirt is not, the loam must be regarded as an equivalent of money at 25 cents per cubic yard in its application to the payment of the $200.

Now it is apparent that either the plaintiff or defendant had the option as to how this $200 should be paid. If the plaintiff had the option then his verdict should stand. If the defendant had the option then the plaintiff's verdict should be reduced to comply with the terms of the contract.

The question here involved seems to have been fully considered and settled in favor of the defendant in *Heywood* v. *Heywood*, 42 Maine, 229, and many cases cited. The court say: "According to written authorities cited, the contract to pay a certain sum in specific articles at an agreed price, being for the benefit of the debtor, he has the election to pay in that manner, or in cash, at the time agreed upon, "and a tender if made at the exact time of payment, in lawful money, would bar an action on the contract."

Upon this view of the law governing the contract the further question arises as to the amount to which the plaintiff was entitled. The measure of damages should have been $200 less the value of the loam the plaintiff might have taken under his contract. It is very evident that he might have taken more loam from the north side of the brook, but, inasmuch as the evidence is too vague to warrant more than a speculative estimate, it is the opinion of the court that the plaintiff, upon the evidence, should recover $200, less $6.75, the value of 27 yards of loam admitted to have been taken, or $193.25, and interest from the date of the writ.

> *Motion sustained.*
>
> *New trial granted unless the plaintiff, within 30 days from the certification of this decision files a remittitur of all of his verdict above $193.25, and interest to be added to this amount from the date of the writ.*