## TORGERSON, APPELLANT, *v.* STOCKE, RESPONDENT.

(No. 5,563.)

(Submitted October 29, 1924. Decided December 3, 1924.)

[230 Pac. 1096.]

*Conversion—Mortgaged Chattels—Fatal Variance—Findings— Conflict in Evidence—Appeal and Error.*

Conversion—Mortgaged Chattels—Fatal Variance.
1. *Held*, in an action against a sheriff for the conversion of a mortgaged crop of grain, that there was a fatal variance between pleading and proof where the complaint of plaintiff mortgagee alleged that his right of possession to the crop was by virtue of the lien growing out of the mortgage, whereas the proof showed that he went into possession under an agreement entered into between him and the mortgagor after the execution of the mortgage.

Appeal and Error—Findings—Conflict in Evidence.
2. Where trial of an action in conversion was had without a jury and the evidence was conflicting, the findings of the court thereon will not be disturbed on appeal.

*Appeal from District Court, Pondera County; Charles A. Rose, Judge.*

ACTION by G. N. Torgerson against Frank Stocke. Judgment for defendant and plaintiff appeals. Affirmed.

*Mr. David J. Ryan,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Hurd & Rhoades* and *Mr. W. E. Arnot,* for Respondent, submitted a brief; *Mr. W. B. Rhoades* argued the cause orally. .

HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, delivered the opinion of the court.

This is an action in conversion. The amended complaint alleges in substance that on August 4, 1922, one Joe Torgerson executed and delivered to appellant two promissory notes, each in the sum of $800, bearing interest at ten per cent per annum, due October 15, 1922; that to secure the payment of these two notes Joe Torgerson executed and delivered to appellant a chattel mortgage covering a crop of wheat then growing upon certain lands in the mortgage described; that this mortgage was duly filed for record in the office of the county clerk of Pondera county; that the appellant is the owner and holder of these notes, and that they are unpaid; that on the thirty-first day of October, 1922, the respondent, as sheriff of Pondera county, took the property so mortgaged and converted the same to his own use, to the damage of the appellant in the sum of $1,600; that appellant by virtue of the provisions of the mortgage above mentioned had a first lien on the crop upon the lands described in the mortgage, and that by reason of such lien he was in possession and entitled to the possession of such property, and is now entitled to the possession thereof.

The respondent answered, alleging that if any notes or mortgage were given as in the complaint set forth, the same were without consideration, fictitious, and executed for the sole purpose of defrauding the creditors of Joe Torgerson; that the mortgage was not entitled to be placed of record, for the reason that no receipt was attached thereto showing that the mortgagee had surrendered to the mortgagor a copy of such mortgage. By way of affirmative defense it is further alleged

that on October 30, 1922, two certain actions were commenced in the district court of Pondera county, in each of which the above-named Joe Torgerson was the defendant; that a writ of attachment issued in each of such actions; and that respondent, as sheriff of that county, was directed to take possession of a sufficient amount of property of Joe Torgerson to satisfy any judgment that might be obtained in each of such actions, and that by virtue of such writs of attachment he took possession of the property described in the complaint and retains the same under such writs of attachment. The reply puts in issue all of the allegations of new matter contained in the answer.

Trial was had to the court without a jury. The court made findings of fact and drew therefrom its conclusions of law and rendered judgment favorable to the defendant. From this judgment plaintiff appealed.

By the findings of fact the court determined substantially as follows: (1) That the notes mentioned in the complaint had been executed and delivered to appellant by Joe Torgerson; that to secure these notes Joe Torgerson executed a chattel mortgage in which appellant was the mortgagee; that this mortgage covers the crop of wheat for the year 1922 growing upon the lands described in such mortgage; that the mortgage "did not have attached thereto a receipt showing that the mortgagee had surrendered to the mortgagor a copy of said mortgage." (2) That after the execution of the mortgage above mentioned, the parties thereto entered into an agreement whereby the mortgaged crop was sold to the appellant in full satisfaction of the indebtedness evidenced by the notes mentioned in the complaint. (3) That writs of attachment had issued out of the district court of Pondera county in two certain actions wherein the above-mentioned Joe Torgerson was the defendant and that respondent, as sheriff, seized the wheat covered by the above-mentioned mortgage in obedience to the command contained in such writs. (4) "That the said plaintiff did not take absolute, unequivocal, notorious, and continu-

ous possession of said crop of wheat." From these findings of fact the court made the following conclusions of law:

"(1) That the mortgage of Joe Torgerson to G. N. Torgerson was not entitled to be placed of record by reason of the fact that no receipt of a copy thereof from the mortgagor to the mortgage(e) was attached thereto, and any filing thereof was invalid and gave no constructive force.

"(2) That the mortgage had been canceled and discharged by the sale of the wheat from Joe Torgerson to the plaintiff, and that by reason thereof there is a fatal variance between the allegations of the complaint and the testimony.

"(3) That the possession which the plaintiff claimed was not such a change of possession as required by law to protect said wheat from a seizure by an attaching mortgagor [creditor], and that the levy upon said wheat by said defendant as sheriff was legal and was prior to any rights of the plaintiff."

The evidence on behalf of appellant discloses that in the month of August, but after the execution of the mortgage in question, the appellant (the mortgagee) and Joe Torgerson (the mortgagor) entered into an agreement by virtue of which appellant claims to have taken possession of the property in question and to have remained in possession thereof under such agreement until deprived of possession by the respondent; so that any right which appellant may have had to the possession of the property must rest upon such agreement, and not upon the lien (if any) growing out of the chattel mortgage. It is therefore unnecessary for us to determine whether the chattel mortgage was entitled to be placed of record or whether its filing constituted constructive notice or not.

It is urged that there is a fatal variance between the allegations of the complaint relating to plaintiff's right to the possession of the property in question and the proof adduced. The allegations of the complaint in this regard are:

"(4) That plaintiff, by virtue of said notes and mortgage herein, had a first or prior lien in the crop grown upon the

lands herein described, and on the thirty-first day of October, A. D. 1922, was in possession and entitled to the possession of said crop, or at least sufficient thereof to satisfy the promissory notes and mortgage hereinbefore mentioned.

"(6) That the property so wrongfully removed by the defendant, herein mentioned and described in said mortgage, was and is of a reasonable market value of $2,000, and at the time of the said defendant's wrongfully and unlawfully taking of said property, plaintiff was in possession and by virtue of his said mortgage lien, and for a long time prior thereto, and is now entitled to the possession of said property."

From these allegations it will be observed that the basis of appellant's claim to the right of possession is by virtue of the lien growing out of the mortgage. The proof adduced is that appellant went into possession of the property under the agreement, as above noted, entered into between him and the mortgagor after the execution of the mortgage. Finding numbered 2, above, is warranted. In fact, there is no evidence which would support any other finding on this matter. There is a fatal variance between the pleadings and the proof. (Sec. 9183, Rev. Codes 1921.)

After a careful examination of all of the testimony, we think [2] that the court's finding numbered 4, above set forth, is warranted. A review of the testimony, however, would accomplish no useful purpose. The evidence is conflicting and, when such is the fact, the findings rest upon the same principle as the verdict of a jury and will not be disturbed in this court. (*Ingalls* v. *Austin,* 8 Mont. 333, 20 Pac. 637; page 72, Digest, par. 264, on "Conflicting Evidence"; *In re First Trust & Savings Bank of Billings,* 45 Mont. 89, 122 Pac. 561; *Reid* v. *Hennessy Merc. Co.,* 45 Mont. 383, 123 Pac. 397; *Alywin* v. *Morley,* 41 Mont. 191, 108 Pac. 778; *Pope* v. *Alexander,* 36 Mont. 82, 92 Pac. 203, 565; *Gehlert* v. *Quinn,* 35 Mont. 451, 119 Am. St. Rep. 864, 90 Pac. 168; *Noyes* v. *Clifford,* 37 Mont.

138, 94 Pac. 842; *Sanger* v. *Huguenel,* 65 Mont. 236, 211 Pac. 349, and cases there cited.)

Finding no substantial error, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES RANKIN, HOLLOWAY and STARK concur.