THORNTON ET AL., RESPONDENTS, *v.* WALLACE, APPELLANT.

(No. 6,436.)

(Submitted April 5, 1929. Decided May 9, 1929.)

[277 Pac. 417.]

28

[redacted]

*Mr. W. E. Keeley,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. Harry H. Parsons,* for Respondents, submitted a brief.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Doctors C. R. and W. T. Thornton secured a verdict and judgment for $313 and interest, for medical, surgical, and hospital services rendered to defendant William Hibbs Wallace's wife during her confinement on July 18, 1926, and until she left their hospital on September 5, 1926. Defendant named moved for a new trial, which motion was denied, and thereupon appealed from the judgment; he asserts that the verdict is excessive and contrary to law, and that the court erred in denying his motion for a new trial.

The record is clear that the charges made were reasonable, that the plaintiffs were in nowise responsible for the protracted stay of defendant's wife, and that they should be paid the full amount of their bill. However, it is also clear that the confinement was normal and the wife could have left the hospital at, or after, the expiration of the first two weeks, but that a breach had occurred in the marital relations of the couple, later leading to a divorce, and, when in condition to leave the hospital, the wife refused to leave unless the defend-

ant should come for her. Dr. Charles Thornton testified, when asked whether the wife stayed at his request or of her own volition: "Just simply waiting for them to come for her; I had no way of kicking the woman out of the hospital and I am not in the habit of doing that. * * * I couldn't send her out against her will." While the wife became extremely nervous at the end of her fifth or sixth week, it is clear that, up to that time, the only reason she was not sent home was that she would not go unless her husband came for her. The defendant testified that he called upon Dr. Charles Thornton on August 7, and was advised that his wife could leave the hospital in three or four days, and within a week he telephoned the doctor from his home 75 miles distant, to send her home with a nurse. This statement is not contradicted.

The court instructed the jury, apparently without objection, that, "if you find from the evidence that the defendant directed the plaintiffs to send the wife of the defendant and her baby home with a nurse prior to the time she left the hospital, then you should not award the plaintiffs any compensation for keeping the defendant's wife and baby after the time she would have been sent home to the defendant, had the defendant's request been complied with by plaintiffs." This instruction became the law of the case, and, whether right or wrong, it was the duty of the jury to apply it to the facts proved. (*Western Montana Bank* v. *Home Insurance Co.*, 75 Mont. 16, 241 Pac. 611; *State* v. *Jacobson*, 77 Mont. 57, 249 Pac. 571; *Kelley* v. *Kipp*, 77 Mont. 110, 250 Pac. 819.)

We have searched the record in vain for substantial evidence on which the jury could obey this charge of the court and return a verdict for plaintiffs for the full amount. The only attempted justification is based upon the doctor's testimony as to the wife's nervous condition toward the latter part of her stay and his statement that he sent her home as soon as he could; but the nervous condition would not have prevented sending her home at the time of the direction referred to in the instruction, and the statement referred to the wife's re-

fusal to go, rather than her physical inability to leave the hospital at the time the defendant so directed the plaintiffs to send her home with a nurse.

It being clear that the jury disregarded this specific instruction, and that the evidence was insufficient to have justified the verdict as rendered, the verdict is "contrary to law," and the court erred in denying defendant's motion for a new trial. (*De Young* v. *Benepe*, 55 Mont. 306, 176 Pac. 609.)

However, in making the overallowance, by reason of disregarding the instruction quoted, the jury but followed the instructions of the court, other than that instruction, and the verdict does not evidence passion and prejudice on the part of the jurors.

Under the circumstances the trial court might properly have given the plaintiffs the option of remitting the excess, and, if they did so, have permitted the verdict to stand for the residue, instead of granting a new trial (*Chicago Title & Trust Co.* v. *O'Marr*, 25 Mont. 242, 64 Pac. 506; *Lewis* v. *Northern Pacific Ry. Co.*, 36 Mont. 207, 92 Pac. 469), and where, as in the case before us, it is clear from the pleadings and proof that the plaintiffs are entitled to some relief, and the amount thereof is readily ascertainable from the record, the judgment should not be reversed on account of the error committed not affecting the substantial rights of the defendant, but should be sustained to the extent of the relief to which plaintiffs are shown to be clearly entitled. (Sec. 9751, Rev. Codes 1921; *State* v. *Smart*, 81 Mont. 145, 262 Pac. 158; *Degenhart* v. *Cartier*, 58 Mont. 245, 192 Pac. 259; *Helena & Livingston S. & R. Co.* v. *Lynch*, 25 Mont. 497, 65 Pac. 919.)

Had the jury followed the instruction quoted above, the limit of the award on the item of hospital room and board would, under the evidence, be up to and including August 14. The reasonable charge made for this service was $5 per day. The overallowance was, therefore, for 22 days at $5 per day, or $110, leaving a balance due plaintiffs on August 14, 1926, of $203, on which they are entitled to interest at the legal

rate from that date to date of. judgment, or March 10, 1928, or $25.70. The judgment should, therefore, be reduced from $350.50 and costs, to $228.70 and costs.

The cause is remanded to the district court of Missoula county, with direction to modify the judgment in conformity with this opinion, and, as modified, the judgment will be affirmed; the defendant to have one-third of his costs on appeal.

Mr. Chief Justice Callaway and Associate Justices Galen, Ford and Angstman concur.