[No. 24455. Department Two. July 8, 1933.]

F. G. BENSON, *Respondent*, v. WASHINGTON LEASING &
ROYALTY COMPANY, *Appellant*.[1]

*Walter H. Hodge*, for appellant.
*Pratt & Ritchie* and *Charles C. Ralls*, for respondent.

TOLMAN, J.—Respondent, as plaintiff, brought this action to recover for services rendered upon an oral contract in procuring oil and gas leases for the defendant, claiming an amount due considerably in excess of that allowed him by the judgment as entered. The case was tried to the court, sitting without a jury, resulting in findings of fact and conclusions favorable to the plaintiff on which a judgment was entered against the defendant for $1,132.45 and costs.

The defendant, appealing, assigns errors for the most part questioning the facts found by the trial court. We have examined the entire record with care, giving special attention to the particular issues of fact which are discussed and emphasized by the appellant in this court, but, under our well settled and familiar rule, we are unable to say that the evidence preponderates against the facts found in any material

[1]Reported in 23 P. (2d) 875.

particular. The substance of the findings, so far as now material, are as follows:

That an oral agreement was entered into between the parties by the terms of which respondent was to secure oil leases on certain unproven lands in western Washington on a regular form of lease as prepared and approved by the appellant; that the leases so secured were subject to approval by the appellant, and that the respondent was to be compensated for all leases accepted and approved by the payment of his actual expenses, plus ten cents per acre, computed upon the acreage covered by each lease; that respondent entered into this employment in February, 1930, continuing it for some time; that his expenses were paid, and that, as he secured leases, the same were turned over to the appellant at convenient periods. When leases were so received, the appellant company through its officers and employees checked and verified the leases as to description, ownership, acreage, etc., and made a record thereof in its books and thereafter retained, without question, all leases so received from the respondent, rejecting none.

After the employment terminated, respondent made frequent and repeated demands upon the appellant for a settlement as to the amount of acreage, the amount due him, and for payment; that the oral contract as entered into carried an option to the appellant to pay either in its capital stock at $2.50 per share or to pay in money. The court further found that the respondent secured and transmitted to the appellant leases upon 22,925 acres, and that the appellant became bound to pay for such leases at the rate of ten cents per acre, and that a certain amount had been paid in money thereon. The court also expressly found against the appellant's contention that leases for less than a full five-year term should be paid for at any different or

lesser rate than ten cents per acre, and that the appellant, with full knowledge, had accepted all such short term leases and was bound to pay for the same accordingly. The court further found:

"The court further finds that under the contract of employment, defendant had an option to pay plaintiff in stock of the company at the rate of $2.50 a share, or to pay plaintiff in cash for his services, same being purely optional with defendant, but while this is true, it is also incumbent upon defendant to be fair and just in the exercise of said option and that said option to pay in stock of the corporation must be exercised within a reasonable time after termination of said contract.

"That no tender of stock was made within a reasonable time after the termination of employment, notwithstanding the demand made upon defendant for an adjudgment and settlement of account, but on the contrary the defendant paid to plaintiff from time to time in cash on said indebtedness after termination of said employment, making eleven cash payments in all on said indebtedness. That no tender of stock was in fact made to plaintiff until the complaint and answer in this suit were filed, and then in an insufficient amount. That plaintiff is entitled to recover in cash under compensation due."

From these findings, the court drew the conclusion that respondent had earned under his contract $2,292.50, that he had been paid thereon in cash $1,160.05, and that he was entitled to a judgment for the balance of $1,132.45.

 Since, as already stated, we find no legal or justifiable reason for disturbing these findings in any particular, the one question remaining is, whether, as a matter of law, the appellant was entitled to discharge its obligation to the respondent by giving him its capital stock at a valuation of $2.50 per share in an amount which would satisfy the balance due.

It seems not necessary to enter into an extended dis-

cussion upon this question. In the case of *Richardson v. Sears*, 74 Wash. 499, 133 Pac. 1010, in discussing a similar question, Judge Main, speaking for the court, said:

"On the question of the right to pay in money or land, it is contended that the contract is optional. In other words, that the Sears' estate may elect whether it will convey the land specified in the contract or make the compensation in money at the price named per acre. The general rule is that where the contract provides for payment in either one of two mediums, the debtor may elect within the time specified as to which he will make payment in. In 30 Cyc. 1219, the rule is stated thus:

" 'Where the contract provides for payment in either of two or more mediums, a debtor may elect to make either mode of payment at the time fixed therefor. But where a debtor has the election, either to pay in a particular kind of money, or in money or some other way, the right of election does not exist after the day when the payment becomes due, and if the promise is to pay in property or money the creditor is thereafter entitled to payment in money.' "

So far as we are now advised, this is the general rule, and the pronouncement just quoted has, we think, never been questioned in this court. Applying that rule to the facts found in the present case, it was not error to enter a money judgment.

Affirmed.

BEALS, C. J., MAIN, BLAKE, and STEINERT, JJ., concur.