BARON, Respondent, v. BOTSFORD, Appellant.

(No. 7,859.)
(Submitted April 5, 1939. Decided May 12, 1939.)
[99 Pac. (2d) 511.]

*Messrs. Graybill & Graybill* and *Mr. P. J. Gilfeather,* for Appellants, submitted a brief; *Mr. Leo Graybill* and *Mr. Gilfeather* argued the cause orally.

*Mr. Basil A. Phelan,* for Respondent, submitted a brief; *Mr. David J. Ryan,* of Counsel, argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

The complaint in this action consists of two causes of action. The jury found for plaintiff on both, awarding to him $248 on the first cause, and $150 on the second.

The appeal is by defendant from the judgment entered on the verdict, but questions only the proceedings relating to the first cause of action; hence we shall make no further reference to the second cause of action, and when referring to the plead-

ings we shall have reference only to those relating to the first cause of action.

The complaint charges that plaintiff rented to defendant, on October 8, 1934, an oil drilling rig; that defendant agreed to pay plaintiff as rental the sum of $100 a month so long as defendant was in possession of the rig, excepting as to the months of December, January, February and March; that defendant was in possession of the rig from October 8, 1934, to July, 1936, and that the sum of $1,300 became owing to plaintiff, of which only $270 was paid, leaving the sum of $1,030 due and unpaid.

The answer was a general denial, coupled with an affirmative defense which set forth that on October 28, 1934, defendant paid to plaintiff the sum of $220 and obtained a receipt in full for all indebtedness up to that time, and had an agreement with plaintiff at the time that defendant should have the use of the drilling rig for ten working days thereafter, and which ten working days had not expired until on the evening of November 10, 1934; that on October 28, 1934, plaintiff and defendant agreed that defendant should have the use of the drilling rig for an indefinite period and to pay plaintiff therefor the sum of $4 per day for the actual time the rig was used in the operation of drilling for oil, the time to be ascertained and computed from a log book to be kept by the man in charge of the drilling; that Mr. Mertz, the man in charge of the drilling, kept a log book which showed that the rig was used ninety-three days, making a total rental due to plaintiff from defendant of $372; and that defendant paid to plaintiff moneys from time to time, aggregating the sum of $420, which was more than defendant owed plaintiff. The reply was a general denial of the affirmative allegations of the answer.

Defendant contends that there was such a variance between the complaint and the proof offered by plaintiff as amounts to a failure of proof. More pointedly, the contention is that one contract was alleged and a different one proven. The question was raised on motion for nonsuit.

Plaintiff's testimony was not altogether consistent as to the exact terms of the contract. At one point in his testimony he testified in substance that he was to receive $100 per month for the use of the rig, with the right in defendant to use it for the four months of December, January, February and March without charge if the weather permitted. At another time he testified that in the winter defendant was to pay $4 per day for such days as the rig was used, subject to a maximum amount of $100 per month. Other parts of his testimony indicate that defendant was only to pay $4 per day for such time as he used the rig, whether winter or summer.

After defendant's motion for nonsuit was interposed, the court granted plaintiff's motion to reopen the case, and thereupon plaintiff made it clear that his version of the terms of the contract was as alleged in the complaint. In any event, both parties in the pleading and the evidence were dealing with the same contract, but each had a different version as to some of its terms. The case is not comparable with the case of *Kalispell Liquor & Tobacco Co.* v. *McGovern,* 33 Mont. 394, 84 Pac. 709, and *American Livestock & Loan Co.* v. *Great Northern Ry. Co.,* 48 Mont. 495, 138 Pac. 1102. In the *McGovern Case* a different contract made at a different time from that pleaded in the complaint was shown in the evidence. In the *Great Northern Ry. Co. Case* there was alleged a breach of obligation to the plaintiff, whereas the proof showed the breach of an obligation to others not parties to the action.

This case falls within that class of cases holding that mere divergencies in detail are not of vital consequence where the adverse party has not been misled because of the variance, of which the following cases are typical: *Mosher* v. *Sutton's New Theater Co.,* 48 Mont. 137, 137 Pac. 534, *Previsich* v. *Butte Elec. Ry. Co.,* 47 Mont. 170, 131 Pac. 25, and *Robinson* v. *Helena Light & Ry. Co.,* 38 Mont. 222, 99 Pac. 837.

Defendant contends that the evidence is insufficient to support the verdict. He argues that the evidence was such that there was room but for one of two verdicts, viz., one for defendant,

or one for plaintiff in the sum of $1,030; that there is no basis for a verdict for plaintiff in the sum of $248.

As above indicated by the pleadings, the issue between the parties, turned upon the question, What were the terms of the agreement between them? Defendant testified that he was only to pay at the rate of $4 per day for days when the rig was actually used for drilling purposes according to the log book kept by the operator of the rig. He said that the arrangement applied during the winter months as well as during the summer. The parties agreed on some points. Plaintiff said he did not remember exactly how much defendant had paid him, but that he would abide by whatever the cancelled checks showed. These showed that defendant had paid him $420 instead of $270, as alleged in the complaint. The sum of $420 was paid in varying amounts at different times between February 27, 1935, and August 26, 1935. The parties also agreed that on October 28, 1934, defendant paid the plaintiff $220 as full settlement for everything due at that time, with the understanding that defendant would have the use of the rig free for ten more days thereafter.

Since plaintiff had received $420 from defendant, and since the jury gave him $248 more, our province in considering defendant's contention is to ascertain whether there is any evidence in the record to justify a finding that plaintiff had coming from defendant the sum of $668, commencing on November 8 or 10, 1934.

Defendant introduced in evidence a log showing the use of the rig each month until May 24, 1935. Much of the time shown by the log the rig was idle. However, the jury was warranted in accepting plaintiff's version of the agreement that he was to be paid $100 per month for the use of the rig, whether it was used for drilling or not, excluding the four winter months. On the other hand, it was privileged to accept defendant's statement that he was to pay for the use of the rig during the winter as well as summer. But, however we view the evidence, we find none in the record justifying a verdict for $248 consistent with Instruction No. 5, reading: "You are instructed

that in order to recover under his first cause of action in his complaint, the plaintiff must prove, by the greater weight or preponderance of the evidence, his damages, if any, under the contract alleged in said first cause of action, namely contract for One Hundred Dollars ($100.00) per month except the months of December, January, February and March."

This instruction was given without objection and became the law of the case. (*Thornton* v. *Wallace*, 85 Mont. 27, 277 Pac. 417.) A verdict contrary thereto was against law, necessitating a new trial. (*Ingman* v. *Hewitt*, 107 Mont. 267, 86 Pac. (2d) 653, and cases therein cited.) There being no basis in the evidence for a verdict for plaintiff in the sum of $248 consistent with Instruction No. 5, a new trial must be granted. (Compare, also, *Butte Machinery Co.* v. *Carbonate Hill Milling Co.*, 75 Mont. 167, 242 Pac. 956.)

The judgment is reversed and the cause remanded for a new trial as to the first cause of action.

As before stated, the appeal is from the judgment in its entirety, but no assignment of error is made relating to the second cause of action; hence, as to the second cause of action which is entirely distinct from the first, the judgment is affirmed. (4 C. J. 1181.)

Each party will pay his own costs on this appeal.

Mr. Chief Justice Johnson and Associate Justices Morris, Stewart and Erickson concur.