HARRY BENNETT, Plaintiff and Respondent, v. GILBERT DODGSON and RAY JOHNSON, d/b/a WISE RIVER LUMBER COMPANY, Defendant and Appellants.

No. 9198.

Submitted February 9, 1955.   Decided May 11, 1955.

As Amended June 3, 1955.   Rehearing Denied June 13, 1955.

Motion to Tax Costs Denied June 13, 1955.

284 Pac. (2d) 990

Stanley M. Doyle, Polson, Howard A. Johnson & Keith P. Johnson, Butte, for appellants.

Genzberger & McGan, Butte, for respondent.

Mr. Earle N. Genzberger and Mr. Howard A. Johnson argued orally.

MR. JUSTICE DAVIS:

Appeal from a judgment for $3,500 entered by the district court for Silver Bow County upon the verdict of a jury for the respondent Bennett (plaintiff below) and against the appellants Dodgson and Johnson (defendants below), returned in an action at law brought upon a contaract of sale to recover the purchase price of certain described personal property. Hereafter we shall refer to the parties as they were in the district court.

The complaint alleges the sale and delivery by the plaintiff of an undivided one-half interest in a sawmill and certain other personal property for the price of $3,500, ''which the said defendants agreed to pay this plaintiff in cash at plaintiff's residence at 1626 Lowell Avenue, Butte, Silver Bow County, Montana, on or before April 5, 1951'', avers possession taken by the defendants and their failure to pay the stipulated price, and prays judgment accordingly. The answer is a general denial.

During the plaintiff's case, and after he had testified without objection to his version of the contract which he claims, the defendants' counsel moved for a nonsuit because of a failure of

proof. This motion was denied. Like denials of similar motions followed at the close of the plaintiff's case and after both parties had finally rested. The jury were then instructed and after argument by counsel took the case.

Following the verdict and judgment against them the defendants regularly moved for a new trial upon three grounds, viz., (1) insufficiency of the evidence to justify the verdict; (2) that the verdict is against law; and (3) errors in law occurring at the trial and excepted to by the defendants. This motion was denied.

The appeal here submitted followed.

In this court the defendants by their specifications of error fairly present two questions, which answered work a reversal and remand for a new trial, viz.,

(a)   Did the trial court err in the instructions given the jury?

(b)   Is the verdict without support in the evidence?

First, of the errors specified in the instructions. Upon the issue of the contract between the parties the trial judge told the jury without objection:

"Instruction No. 1.

"You are instructed that in his complaint, the plaintiff, Harry Bennett, alleges that on or about March 5th, 1951, the plaintiff sold and delivered an undivided one-half interest in certain property to the defendants, Gilbert Dodgson and Ray Johnson, for which they agreed to pay him $3,500.00 on or before April 5th, 1951, and that they have not paid any part thereof; if you find from the preponderance of the evidence that the said allegations are true, your verdict should be for the plaintiff, but otherwise your verdict should be for the defendants."

This paragraph became the law of the case whether right or wrong. Baron v. Botsford, 108 Mont. 356, 361, 90 Pac. (2d) 510; Ingman v. Hewitt, 107 Mont. 267, 271, 86 Pac. (2d) 653; Thornton v. Wallace, 85 Mont. 27, 29, 277 Pac. 417; Chancellor v. Hines Motor Supply Co., 104 Mont. 603, 614, 69 Pac. (2d) 764; Daniels v. Granite Bi-Metallic Consolidated Min. Co.,

56 Mont. 284, 287, 288, 184 Pac. 836; Allen v. Bear Creek Coal Co., 43 Mont. 269, 288, 289, 115 Pac. 673.

In a subsequent instruction, however, the lower court also charged the jury:

"Instruction No. 13.

"You are instructed that if you find from a preponderance of the evidence that Johnson and Dodgson, defendants herein, or either of them on behalf of the partnership of Johnson and Dodgson, purchased from the plaintiff, Harry Bennett, his interest in the saw mill described in the complaint in this action, then you are instructed that they are liable for the agreed price of such saw mill and your verdict will be in favor of the plaintiff and against the defendant for such sum as you find to be the agreed price for said personal property, if you find from a preponderance of the evidence that a price was agreed upon, the sum of Thirty-Five Hundred ($3,500.00) Dollars."

The defendants' objection here timely made was specific that "it [instruction No. 13] ignores entirely the question of maturity of the alleged indebtedness", etc.

The objection was nevertheless overruled. This was prejudicial error in the light of the charge already given upon the same issue, and particularly in view of the confusion in the evidence bearing upon this specific issue. For by the one paragraph (Instruction No. 1) the plaintiff could recover, only if the jurors found, among other facts, that the defendants agreed to pay the purchase price of $3,500 on or before April 5, 1951. Otherwise by this instruction they were commanded their verdict must be for the defendants; they were given no permissible alternative.

By the second paragraph to the same point (Instruction No. 13) the jury were told, however, to return a verdict for the plaintiff, if they found the defendants purchased at the agreed price of $3,500; that is, whether the defendants promised to pay the plaintiff that price by April 5, 1951, or made no promise in that connection at all. The conflict here is irreconcilable. It is not material whether either instruction is cor-

rect as applied to this record; the recovery which the second instruction permits is squarely denied by the first. And the first instruction quoted was given as the law of the case without objection.

Accordingly the objection to Instruction No. 13 should have been sustained. Skelton v. Great Northern R. Co., 110 Mont. 257, 260, 261, 100 Pac. (2d) 929; Hageman v. Arnold, 79 Mont. 91, 94, 254 Pac. 1070; Wray v. Great Falls Paper Co., 72 Mont. 461, 471, 234 Pac. 486, and cases there cited.

This error was included in the third ground of the defendant's motion for a new trial, which should therefore have been granted. R. C. M. 1947, section 93-5603, subd. 7; Maki v. Murray Hospital, 91 Mont. 251, 260, 7 Pac. (2d) 228; Kleinschmidt v. McDermott, 12 Mont. 309, 311, 312, 30 Pac. 393.

For another reason also the judgment below may not stand. The second point that the evidence does not justify the verdict against the defendants is likewise good.

We turn again to the rule that the instructions given the jury are the law of the case, and right or wrong must be obeyed. Instruction No. 1 required the jurors to find a verdict for the defendants, unless the defendants agreed to pay the plaintiff $3,500 on or before April 5, 1951. There is no evidence in the record that the defendants made any such agreement.

The only evidence of any promise by the defendants is found in the testimony of the plaintiff himself.

In summary that testimony is:

(1) That about March 5, 1951, at the Murray Motor Company in Butte, Bennett offered to sell the defendants Dodgson and Johnson for $3,500 his interest in the Wise River Timber Company, a partnership consisting of Bennett and Dodgson, who then owned a sawmill and other property, which they had previously operated on the Wise River in Montana, the stipulated purchase price to be paid (a) by cash in whatever amount Johnson chose, and (b) by a bankable note for the balance maturing in six months with interest at six per cent.

(2) That the defendants accepted this offer and agreed to buy accordingly.

Here is the only contract which the evidence tends to make out. But this is not the contract which Instruction No. 1 told the jury without exception they must find to entitle the plaintiff to a verdict.

True it is according to Bennett's account of the transaction that no definite time for payment was fixed by the contract, that he waited without objection at least until April 5, 1951, for the defendants to perform. Yet the record reflects without dispute that these indulgences were not given for the payment of the purchase price of $3,500 in cash, but of such less sum as Johnson might choose to pay down, the balance to be taken up by the bankable note described. Nowhere in the evidence before us could the jury find a promise by the defendants to pay $3,500 either on March 5, 1951, when the contract of sale was made, if at all, or thereafter on April 5, 1951, as the instruction reads. Bennett's testimony is unequivocal that the defendants promised to make payment in a different way; and in these circumstances where the testimony is to an express promise actually made (as the jury must believe to find for the plaintiff) there is no room for a finding of a promise otherwise.

It follows that the verdict for the plaintiff is against the law of the case as declared without objection in the first instruction given and is here without support in the evidence. A new trial must accordingly be had, Baron v. Botsford, supra; Ingham v. Hewitt, supra, at 107 Mont. 271, 86 Pac. (2d) 653, and cases cited; Thornton v. Wallace, supra, for the reasons stated in the first and second grounds of the defendants' motion, Thornton v. Wallace, supra, 85 Mont. at page 30, 277 Pac. 417; Lynes v. Northern Pacific R. Co., 43 Mont. 317, 325, 117 Pac. 81.

And since there must be a new trial we are called upon to review and determine any other question of law involved in this case, which has been presented on this appeal and is necessary to the final determination of this controversy. R. C. M. 1947, section 93-216.

1. Of those questions the most important is whether the plaintiff's testimony tends to make out an enforceable contract. We think that the case made by the plaintiff upon this issue should go to the jury under proper pleadings and instructions.

*Contra* it is argued that no binding contract was ever closed, because Bennett and the defendants came to no definite understanding upon the payments to be made. We do not agree. It is true that plaintiff's testimony shows no stipulation that the defendant Johnson would make any specific down payment upon the purchase price of $3,500. Nor was there any evidence of an agreement upon any particular time within which he was to make a down payment and give a bankable note for the balance to cover the whole price of $3,500. Nevertheless, we think the evidence on these points was for the jury.

To be specific: Bennett testified both directly and in substance that in response to his offer to sell for $3,500 Johnson in Dodgson's presence said they would buy, and that accordingly he gave them time to make a down payment in such sum as Johnson chose with a bankable note for the balance. That no definite time was stipulated for performance by the defendants is immaterial. Our law implies an agreement here to perform within a reasonable time. R. C. M. 1947, section 13-723; Evankovich v. Howard Pierce, Inc., 91 Mont. 344, 351, 8 Pac. (2d) 653; and the citation of R. C. M. 1947, section 74-401, to the contrary has no application to this case where the plaintiff, as he says, expressly gave the defendant some time within which to perform. As much is suggested in our opinion in Hardenburgh v. Hardenburgh, 115 Mont. 469, 480, 146 Pac. (2d) 151, upon which the defendants' counsel rely.

We have then in this case, if the jury believe Bennett's version, a true bilateral contract closed upon his offer by the defendants' assent thereto. Restatement, Contracts, Vol. 1, section 31, pages 39, 40; Williston on Contracts (Rev. Ed.), Vol. 1, section 31 A, pages 76, 77; Wood v. Lucy, Lady Duff-Gordon, 222 N. Y. 88, 118 N. E. 214, opinion by Cardozo, Judge, National Dairymen Ass'n. v. Dean Milk Co., 7 Cir., 183 F. (2d)

349, 353; Eastern Paper & Box Co. v. Herz Mfg. Corp., 323 Mass. 138, 142, 80 N. E. (2d) 484; Senter v. Senter, 87 Ohio St. 377, 386, 387, 101 N. E. 272; Bandoni v. Walston, 79 Cal. App. (2d) 178, 183, 179 Pac. (2d) 365. The defendants' promise implicit in their acceptance of Bennett's offer was that within a reasonable time after March 5, 1951, they would make a down payment of cash in some amount to be fixed by Johnson and give the bankable note Bennett asked for, both to aggregate $3,500.

There is nothing indefinite or uncertain about such a stipulation. Such a contract would nonetheless be a binding obligation, if the jury so finds, even though the defendant Johnson at his option was to fix the amount of the cash payment and conversely the principal sum to be expressed in the note.

Such an option to one party to·be exercised within specified extremes set out in the contract is valid and commonplace. It is frequently agreed that within defined limits a party may at his election stipulate the time and place of performance, the kind, quality or quantity of chattels bought or sold, the common carrier by which delivery is to be made, and other like matters. Such a bargain is not unenforceable, for it is in no part vague or illusory. If it were, the standard livestock contract in common use in Montana would necessarily have proved the point long ago. There it is universal practice to leave time and place of delivery and such details, within limits, to the buyer's option.

The asserted contract, which the plaintiff's testimony tends to make out, if established to the satisfaction of the jury, is complete and enforceable. Williston on Contracts (Rev. Ed.), Vol. 1, section 44, pages 128, 129, 130, 131; Benson v. Washington Leasing & Royalty Co., 173 Wash. 471, 474, 23 Pac. (2d) 875; Strout v. Joy, 108 Me. 267, 269, 80 A. 830; Nipp v. Diskey, 81 Ind. 214, 42 Am. Rep. 124; Myers v. South Feather River Water Co., 14 Cal. 269; 70 C. J. S., Payment, section 36, pages 244, 245; 77 C. J. S., Sales, section 238d, page 1017; 48 C. J., Payment, section 65, page 629; 55 C. J., Sales, section

519, page 522; 40 Am. Jur., Payment, section 9, page 718, section 63, pages 758, 759. See Gallaher v. Theilbar Realties, 93 Mont. 421, 426, 427, 18 Pac. (2d) 1101; 70 C. J. S., Payment, sections 22, 33, pages 228, 229, 243; 48 C. J., Payment, section 39, pages 608, 609; section 62, pages 627, 628.

We have not overlooked R. C. M. 1947, section 13-404, which declares that where the object of a contract is so "vaguely expressed as to be wholly unascertainable, the entire contract is void." Nor have we failed to note the decisions in this court which have either applied this statute or the common law rule which it declares. See Thrasher v. Schreiber, 77 Mont. 221, 250 Pac. 600; Donovan v. Bull Mountain Trading Co., 60 Mont. 87, 198 Pac. 436. In our view neither this statute nor these precedents are in point or controlling on this appeal.

2. Moreover, we think the whole case made by this record is for the jury. In addition to Bennett's testimony covering the contract there is evidence that after March 5, 1951, the defendants did take possession of the sawmill and other chattels which had previously belonged to Bennett and Dodgson while they operated as the Wise River Timber Company, and hence took possession of Bennett's interest, which he asserts he sold them. Particularly Bennett's testimony is corroborated materially by the defendants themselves and by their witness Vorhees, their partner in the new firm known as the Wise River Lumber Company, and indicates that after March 5, 1951, this new partnership was in possession and actually operated the sawmill in which Bennett owned a half interest while he was Dodgson's partner.

True, this possession is explained by the defendants that Vorhees was only testing "to see if this mill was worth the money and was worth operating". But this explanation is equivocal. The issue as well as the credibility of the witnesses is clearly for the jury.

3. The defendants' motions for nonsuit and judgment (directed verdict) were properly denied, for there is neither a material variance under R. C. M. 1947, section 93-3901, nor a fail-

ure of proof on this record within the meaning of R. C. M. 1947, section 93-3903. Upon a retrial under an amended complaint, which in the light of the evidence must be filed, this question should not again be presented to the trial court.

But upon the trial already had under the pleadings now before us there is in our opinion no variance between the complaint and the plaintiff's proof, which is material as R. C. M. 1947, section 93-3901, defines a material variance, because there is in this record neither claim nor evidence that the defendants were misled to their prejudice in any way. Particularly, where as at bar the evidence from which the variance stems comes in without objection, we think the case is ruled by Wilkinson v. Bell, 118 Mont. 403, 411, 168 Pac. (2d) 601; Ingebritsen v. Hatcher, 87 Mont. 482, 484, 288 Pac. 1023; St. George v. Boucher, 84 Mont. 158, 167, 274 Pac. 489, rather than by Kalispell Liquor & Tobacco Co. v. McGovern, 33 Mont. 394, 84 Pac. 709, and Torgerson v. Stocke, 72 Mont. 7, 11, 230 Pac. 1096, and that perforce of the statute, section 93-3901, supra, we must hold the variance disclosed by this record to be immaterial.

We reach the same conclusion also if we compare section 93-3903, supra, and the general scope and meaning of the contract alleged in the complaint with that which the plaintiff's case tends to prove. The reasoning and rule of Milwaukee Land Co. v. Ruesink, 50 Mont. 489, 504, 148 Pac. 396; Kakos v. Byram, 88 Mont. 309, 319, 320, 292 Pac. 909, and similar decisions make it plain that the admitted variance lies in the detail of the contract relied upon, and not in the substance of that contract.

There was in this case accordingly no failure of proof such as the defendants' motions for nonsuit and judgment asserted.

4. Bennett's action here is brought directly upon the special contract to which he testifies and as at common law in special assumpsit, 7 C. J. S., Assumpsit, Action of, sections 3, 6, pages 110, 111, 112; 5 C. J., Assumpsit, sections 3, 15, pages 1380, 1386, to recover the purchase price of personal property, the ownership of which has passed to the defendants, as he alleges. His damages then are fixed by R. C. M. 1947, section 17-

310, at the contract price, viz., $3,500 to be had by him, if he recover at all, without reference to the maturity of the note, which was not given. The jury should be instructed accordingly. Standard Lumber Co. v. Deer Park Lumber Co., 104 Wash. 84, 98, 175 Pac. 578; Benson v. Washington Leasing & Royalty Co., supra; American Mfg. Co. v. Klarquist, 47 Minn. 344, 346, 50 N. W. 243; Deering v. Johnson, 86 Minn. 172, 174, 90 N. W. 363; Bowman v. Branson, 111 Mo. 343, 362, 19 S. W. 634; Hanna v. Mills, 21 Wend., N. Y., 90, 91, 92; Williston on Contracts (Rev. Ed.), Vol. V, section 1411, page 3933. Compare Pasha v. Bohart, 45 Mont. 76, 83, 84, 88, 122 Pac. 284, Ann. Cas. 1913C, 1250.

5. Upon another trial the instructions given the jury will not again raise the same questions which this record presents. We need therefore only suggest for a retrial (1) that Instruction No. 17 given over objection and Instruction No. B offered by the defendants but refused be not given, because obviously there matters of law are argued with which the trial judge alone should deal; and (2) that the contract upon which the plaintiff stands be put to the jury substantially as he testifies, for the jury to determine where the truth of the issue lies.

6. If the Statute of Frauds is in this controversy, as has been indicated, that question is not reflected in this record. We decline to speculate upon its possible application.

The judgment of the district court is reversed with directions to permit the plaintiff to amend his complaint as he may be advised and to proceed with a new trial consistent herewith.

MR. JUSTICES ANGSTMAN and ANDERSON, concur.

MR. JUSTICE BOTTOMLY:

I concur in the result but not in all that is said in the foregoing opinion of Mr. Justice Davis.

MR. CHIEF JUSTICE ADAIR, (specially concurring in part and dissenting in part).

I agree that the judgment entered should be reversed but do

not agree to the directions given to the trial court as to the further proceedings to be had therein.

In my opinion the parties have had their day in court and defendants' motion for a directed verdict, made at the close of plaintiff's case and after the introduction of all of plaintiff's evidence, should have been granted because of the absence of the necessary proof to establish the contract and cause of action pleaded in plaintiff's complaint. Because of such failure of proof I would reverse the trial court's judgment and direct that judgment be entered for defendants.

### On Petition for Rehearing

MR. JUSTICE DAVIS:

On petition for rehearing. By petition for rehearing the defendants earnestly insist that this case should not go back for a new trial, because as that petition reads the ''plaintiff's demand was for $3,500.00 cash to which by his own testimony he was not entitled until at least the month of September or October, 1951. Thus his suit, filed in May, 1951, was clearly premature, and the cause of action which he testified to and which this Court's decision invites him to substitute by amendment would have been equally premature.''

Here counsel overlook the realities of this record. Upon the ▮▮▮ trial had Bennett's complaint has already been amended in point of law to conform to his proof, because without objection the appellants' counsel permitted him to testify to the details of the contract which he asserts. Shaw v. McNamara and Marlow, 85 Mont. 389, 394, 278 Pac. 836; Curtis v. Zurich General A. & L. Ins. Co., 108 Mont. 275, 282, 89 Pac. (2d) 1038; Harrington v. Deloraine Refining Co., 99 Mont. 78, 85, 43 Pac. (2d) 660. Accordingly before a new trial the complaint must be amended in fact, as it should have been amended at the close of the plaintiff's case in chief upon the first trial. This, that the jury may have before them the issues actually tried.

Had there been timely objection to the admissibility of Bennett's testimony under the complaint as originally drawn, the case before us might command a different ruling. But we have no such objection in this record. A motion for nonsuit after evidence has been received without objection does not challenge the admissibility of that evidence, but rather the sufficiency of the case made by the evidence admitted. These motions in this case raise only the question whether there was a total failure of proof, a question which we have ruled against the defendants.

Moreover, the action here upon the contract which Bennett's testimony tends to spell out is not premature, and has nothing to do with the maturity of the note mentioned in that testimony. If that note were itself not to fall due for twenty years or until March 5, 1971, the case would be the same; for the note was not given. The cause of action for breach of the contract to make the down payment and to give the note, if so the jury were to find, would still mature within a reasonable time after March 5, 1951; and this action would still lie.

At bar if there is a contract as Bennett says, that contract includes a promise by the defendants to pay $3,500 in cash and by a bankable note within a reasonable time after March 5, 1951. If the jury find for Bennett and specifically that the defendants did not pay in cash and by note as they had promised within a reasonable time after March 5, 1951, their verdict will be for Bennett. If on the contrary the jury does not believe that the defendants made the contract Bennett claims, or that if they did so contract, a reasonable time for performance had elapsed when this action was brought on May 12, 1951, their verdict will be for the defendants. There should be no difficulty stating these issues in the trial court's instructions.

The petition for rehearing is denied.

MR. JUSTICES ANGSTMAN and ANDERSON, concur.

MR. CHIEF JUSTICE ADAIR and MR. JUSTICE BOT-
TOMLY (dissenting).

In our opinion a rehearing should be granted herein.

On Motion to Tax Costs

MR. JUSTICE DAVIS:

On motion to tax costs. The appellants have moved to as-
sess the costs on this appeal under R. C. M. 1947, section 93-8606,
subd. 1, against the plaintiff and respondent; this, because our
opinion and judgment heretofore rendered makes no formal
award of costs. The statute invoked by this motion has been
a part of our Code of Civil Procedure in its present form at
least since 1895. See Code Civ. Proc. 1895, section 1855.

When upon the reversal here of a district court a new trial is
ordered the taxation of the costs of the appeal is left by
this section to the discretion of this Court. Consistent with that
statute this discretion has been exercised by Rule XVIII, which
awards costs in all such cases ''to the successful party against
the other party'', unless it is ''otherwise provided by the Court
in its decision''. In our decision in the instant case there is
no provision otherwise.

Under subdivision 1 then of section 93-8606 the costs of this
appeal were automatically awarded by this rule when our
decision was rendered; i. e., to the appellants who were the suc-
cessful parties, to be recovered by them of the respondent. This
has been the uniform practice over the years in this court pur-
suant both to Rule XVIII and as well to our earlier Rule XVII
from which Rule XVIII derives. See First State Bank of
Thompson Falls v. Larsen, 72 Mont. 400, 406, 233 Pac. 960;
State ex rel. Hurley v. District Court, 27 Mont. 40, 42, 69 Pac.
244.

It follows that since the costs of this appeal have already been

taxed as we have indicated, the motion of the appellants here is without purpose. It is accordingly denied.

MR. CHIEF JUSTICE ADAIR and MR. JUSTICES ANGSTMAN, ANDERSON and BOTTOMLY, concur.