STATE OF MONTANA ON THE RELATION OF ALD, INC., A CORPORATION, RELATOR, *v.* THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF LEWIS AND CLARK AND THE HONORABLE VICTOR H. FALL, RESPONDENTS.

No. 11052.
Submitted February 7, 1966. Decided February 11, 1966.
410 P.2d 944.

Edwin S. Booth, Ward A. Shanahan, Helena (argued), for relator.

C. W. Leaphart, Jr., Helena (argued), for respondents.

PER CURIAM:

This is an original proceeding in which petitioner sought the

issuance of a remedial writ. It was alleged in the petition that in the district court of the first judicial district, petitioner filed a memorandum of costs on appeal on November 1, 1965, following the issuance of a remittitur from this court in the case of Ryan, Plaintiff and Respondent, v. ALD, Inc., a Corporation, Defendant and Appellant, 146 Mont. 299, 406 P.2d 373, the opinion issued by this court reversed the judgment of the district court and remanded the cause for a new trial; that on November 3, 1965, a motion to strike and retax costs on appeal was filed by the plaintiff in the district court. That court, on November 12, 1965, made and entered an order denying the motion to strike and continuing the hearing and determination of the motion to reassess and retax costs on appeal until subsequent to a final judgment following the new trial. Petitioner contended that such order did not comply with the opinion and remittitur of this court or its rules, and that it was in conflict with the applicable statutes relating to costs on appeal.

Following ex parte presentation this court issued an order to show cause, commanding the respondents to set aside and annul the order continuing the motion to reassess and retax costs, as before mentioned, or, show cause before this court why it had not done so.

Answer and return were filed by respondents which alleged two defenses: (1) that the petition did not state facts sufficient to support an order to show cause; and (2) that it was a discretionary matter as to the time when the court is required to rule upon such a motion, and that the time fixed in the order was reasonable.

In our view, the petition was sufficient to support issuance of the order to show cause. As to the second assertion of respondents, section 93-8621, R.C.M.1947, provides the method of claiming costs on appeal, and the petitioner complied therewith; the statute provides in part: "* * * and thereafter he may have an execution therefor as upon a judgment." The district court's order deprived petitioner of this right,

while at the same time denying the motion to strike. In this respect the district court's order did not follow the provisions of the statute and is in error.

We do not feel it necessary to enter upon an extended discussion as to the right of the petitioner to have its costs on appeal taxed. The previous opinions of this court in State ex rel. Hurley v. District Court, 27 Mont. 40, 69 P. 244; Bennett v. Dodgson (Wise River Lumber Co.), 129 Mont. 228, 284 P.2d 990; State ex rel. Vaughn v. District Court, 111 Mont. 552, 111 P.2d 810; and State ex rel. Sowerwine v. District Court, 145 Mont. 375, 401 P.2d 568, have fully explored and commented thereon.

As to the propriety of the cost item for the premium on the stay bond, this was challenged by the plaintiff on the motion to strike and retax costs on appeal. It would appear that the respondent court in denying the motion to strike has in effect held that this item was a proper cost under section 93-8618, R.C.M.1947. If this was the effect of the district court's order we are of the same opinion. However, it is argued that such was not the effect of the respondent district court's order and that this matter still pends for consideration on the motion to retax costs on appeal.

Since the matter must be remanded to the district court for further proceedings, and we have heretofore stated our view, we make no further comment thereon.

Let a writ issue directed to the respondents commanding that the order of November 12, 1965, insofar as it continues the hearing and determination of the motion to reassess and retax costs on appeal until subsequent to a final judgment following the new trial be set aside and annulled; and that respondents proceed with the motion to reassess and retax costs on appeal forthwith, that petitioner may have execution issued thereon as provided by law.

MR. JUSTICE ADAIR dissents.